AARON D. FORD
  Attorney General
D. Randall Gilmer, Bar No. 14001
  Chief Deputy Attorney General
Douglas R. Rands, Bar No. 3572
  Senior Deputy Attorney General
Frank A. Toddre, II, Bar No. 11474
  Senior Deputy Attorney General
Jared M. Frost, Bar No. 11132
  Senior Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
(775) 684-1150
(775) 684-1108 (fax)
drands@ag.nv.gov
drgilmer@ag.nv.gov
ftoddre@ag.nv.gov
jfrost@ag.nv.gov

*Attorneys for the
Nevada Department of Corrections*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: HCV PRISON LITIGATION<br><br>This document relates to:<br><br>All Actions | CASE NO.  3:19-CV-00577-MMD-CLB<br><br>**DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br>**(ECF 10)**<br><br>**JURY TRIAL DEMANDED** |

The Nevada Department of Corrections, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, D. Randall Gilmer, Chief Deputy Attorney General, Douglas R. Rands, Senior Deputy Attorney General, Frank A. Toddre, II, Senior Deputy Attorney General and Jared M. Frost, Senior Deputy Attorney General, hereby answers Plaintiff's Amended Class Action Complaint ("Complaint") (ECF 10) as follows:

1. Defendants deny it withheld or delayed treatment for Hepatitis C Virus ("HCV") without medical justification. Defendants further deny that Plaintiffs are entitled to any relief.

///

2. Defendants admit that the NDOC reviewed and amended Medical Directive ("MD") 219. Defendants deny the remaining allegations set forth in this paragraph.

3. Defendants admit that HCV is a contagious liver disease. Defendants deny they withheld or delayed treatment without medical justification.

## JURISDICTION AND VENUE

4. Defendants admit Plaintiffs have rights under the Eighth and Fourteenth Amendments of the United States Constitution, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12010, et seq. Defendants deny those rights, or any right owed to Plaintiff was violated at any time or in any manner.

5. Defendants admit that this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Defendants deny that jurisdiction is proper on any other basis.

6. Defendants admit that this venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2). Defendants deny that venue is proper on any other basis.

7. No response is required as no averments are contained therein.

## PLAINTIFFS

1. Defendants admit that Plaintiff Elizabeth Carley ("Carley") is currently incarcerated at Florence McClure Women's Correctional Center ("FMWCC"), in Las Vegas, Nevada. Defendants further admit Carley has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

2. Defendants admit that Plaintiff Marty Fitzgerald ("Fitzgerald") is currently incarcerated at High Desert State Prison ("HDSP"), in Indian Springs, Nevada. Defendants further admit Fitzgerald has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

3. Defendants admit that Plaintiff Howard White ("White") is currently incarcerated at Northern Nevada Correctional Center ("NNCC"), in Carson City, Nevada. Defendants further admit White has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

4. Defendants admit that Plaintiff Stephen Ciolino ("Ciolino") is currently incarcerated at HDSP, in Indian Springs, Nevada. Defendants further admit Ciolino has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

5. Defendants admit that Plaintiff Carl Olsen ("Olsen") is currently incarcerated at Lovelock Correctional Center ("LCC"), in Lovelock, Nevada. Defendants further admit Olsen has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

6. Defendants deny that Plaintiff Mitchell Fields ("Fields") is currently incarcerated at LCC, in Lovelock, Nevada.[1] Defendants further admit Fields has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

7. Defendants admit that Plaintiff Scott Bedard ("Bedard") is currently incarcerated at LCC, in Lovelock, Nevada. Defendants further admit Bedard has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

8. Defendants deny that Plaintiff Don Savage ("Savage") is currently incarcerated at NNCC, in Carson City, Nevada.[2] Defendants admit Savage has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

9. Defendants is without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

**DEFENDANTS**

10. Defendants admit the allegations set forth in in this paragraph.

11. Defendants admit Charles Daniels is currently employed by the NDOC as the Director of the NDOC. Defendants deny all remaining allegations set forth in this paragraph.

12. Defendants admit Harold Wickham was Acting Director of the NDOC. Defendants deny all remaining allegations set forth in this paragraph.

13. Defendants admit James Dzurenda was employed by the NDOC as the Director of the NDOC. Defendants deny all remaining allegations set forth in this paragraph.

///

///

///

---

[1] Fields was paroled and no longer incarcerated within the NDOC.

[2] Savage is currently incarcerated at Humboldt Conservation Camp (HCC).

14. Defendants admit Romeo Aranas, M.D. was employed by the NDOC as the Medical Director of the NDOC. Defendants further admit that Michael Minev, M.D. is currently employed by the NDOC as the Medical Director of the NDOC. Defendants deny all remaining allegations set forth in this paragraph.

15. Defendants admit the allegations set forth in this paragraph.

**GENERAL ALLEGATIONS**

16. Defendants admit the allegations set forth in this paragraph.
17. Defendants admit the allegations set forth in this paragraph.
18. Defendants admit the allegations set forth in this paragraph.
19. Defendants admit that those affected can suffer the affects as set forth in the allegations.
20. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.
21. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.
22. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.
23. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.
24. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.
25. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.
26. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.
27. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.
28. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

29. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

30. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

31. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

32. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

33. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

**STANDARD OF CARE FOR CHRONIC HCV**

34. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

35. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

36. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

37. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

38. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

39. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

40. Defendants are without information and knowledge sufficient to form an admission to the allegations in this paragraph, and, therefore deny them.

**MEDICAL DIRECTIVE 219**

41. Defendants admit that MD 219 outlines the policies and for procedures for the treatment of Hepatitis C. Defendants deny the remaining allegations set forth in this paragraph.

42. Defendants admit that MD 219, effective on May 17, 2017, did not establish Hepatitis C testing for all inmates.

43. Defendants admit the allegations set forth in this paragraph. Defendants are without information or knowledge as to the lack of medical justification, and therefore, deny that portion of this paragraph.

44. Defendants admit that revisions were made to MD 219 between 2017 and 2019. Defendants deny the remaining allegations set forth in this paragraph.

45. Defendants admit the allegations set forth in this paragraph.

46. Defendants deny the allegations set forth in this paragraph.

## NAMED PLAINTIFF ALLEGATIONS

**A.     Elizabeth Carley**

47. Defendants admit that Carley is currently incarcerated at FMWCC, in Las Vegas, Nevada. Defendants further admit Carley has been in custody since 2012.

48. Defendants admit Carley has been diagnosed with HCV.

49. Defendants deny the allegations set forth in this paragraph.

50. Defendants admit Carley is in the Chronic Care Clinic to monitor her HCV. Defendants deny the remaining allegations set forth in this paragraph.

51. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

52. Defendants admit Carley has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

53. Defendants admit Carley has submitted grievances and received responses. Defendants further admit Carley has received medical care.

54. Defendants admit Carley has submitted grievances.

55. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

56. Defendants deny the allegations set forth in this paragraph.

57. Defendants deny that allegations set forth in this paragraph.

6

**B.   Marty Fitzgerald**

58.   Defendants admit that Fitzgerald is currently incarcerated at HDSP, in Indian Springs, Nevada. Defendants further admit Fitzgerald has been in custody since 2002.

59.   Defendants admit Fitzgerald has been diagnosed with HCV.

60.   Defendants admit Fitzgerald is in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

61.   Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

62.   Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

63.   Defendants admit Fitzgerald has received medical care. Defendants deny the remaining allegations set forth in this paragraph.

64.   Defendants admit Fitzgerald has submitted grievances.

65.   Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

66.   Defendants deny the allegations set forth in this paragraph.

67.   Defendants deny that allegations set forth in this paragraph.

**C.   Howard White**

68.   Defendants admit that White is currently incarcerated within the NDOC and was returned to custody in 1997.

69.   Defendants admit that White is currently incarcerated at NNCC, in Carson City, Nevada.

70.   Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

71.   Defendants admit White was tested for HCV upon his return to NDOC.

72.   Defendants admit White is in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

73.   Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

74. Defendants admit White is in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

75. Defendants admit White has submitted grievances.

76. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

77. Defendants deny the allegations set forth in this paragraph.

78. Defendants deny that allegations set forth in this paragraph.

**D.    Stephen Ciolino**

79. Defendants admit that Ciolino is currently incarcerated within the NDOC since 2005.

80. Defendants admit that Ciolino is currently incarcerated at HDSP in Indian Springs, Nevada.

81. Defendants admit Ciolino has been diagnosed with HCV.

82. Defendants admit Ciolino is in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

83. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

84. Defendants admit Ciolino is in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

85. Defendants admit Ciolino has submitted grievances.

86. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

87. Defendants deny the allegations set forth in this paragraph.

88. Defendants deny that allegations set forth in this paragraph.

**E.    Carl Olsen**

89. Defendants admit that Olsen is currently incarcerated within the NDOC since 1990.

90. Defendants admit that Olsen is currently incarcerated at LCC in Lovelock, Nevada.

91. Defendants admit Olsen has been diagnosed with HCV.

///

92. Defendants admit Olsen is in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

93. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

94. Defendants admit Olsen is in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

95. Defendants admit Olsen has submitted grievances.

96. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

97. Defendants deny the allegations set forth in this paragraph.

98. Defendants deny that allegations set forth in this paragraph.

**F.  Don Savage**

99. Defendants admit that Savage is currently incarcerated within the NDOC on his current sentence since 2017.

100. Defendants deny that Savage is currently incarcerated at NNCC in Carson City, Nevada.

101. Defendants admit Savage has been diagnosed with HCV and is in the Chronic Care Clinic to monitor his HCV.

102. Defendants admit Savage is in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

103. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

104. Defendants admit Savage is in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

105. Defendants admit Savage has submitted grievances.

106. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

107. Defendants deny the allegations set forth in this paragraph.

108. Defendants deny that allegations set forth in this paragraph.

### G. Scott Bedard

109. Defendants admit that Bedard is currently incarcerated within the NDOC since 1997.

110. Defendants admit that Bedard is currently incarcerated at LCC in Lovelock, Nevada.

111. Defendants admit Bedard has been diagnosed with HCV.

112. Defendants admit Bedard is being treated for his HCV.

113. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

114. Defendants admit Savage has submitted grievances.

115. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

116. Defendants deny the allegations set forth in this paragraph.

### H. Mitchell Fields

117. Defendants admit that Fields was incarcerated within the NDOC.

118. Defendants deny that Fields is currently incarcerated at LCC in Lovelock, Nevada, and was scheduled for release on January 3, 2020.[3]

119. Defendants admit Fields has been diagnosed with HCV. Defendants further admit Fields was in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

120. Defendants admit Fields was in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

121. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

122. Defendants admit Fields was in the Chronic Care Clinic to monitor his HCV. Defendants deny the remaining allegations set forth in this paragraph.

123. Defendants admit Fields submitted grievances.

///

---

[3] Defendants acknowledge that No. 118 references "Bedard," however, Defendants will assume this is a typographical error and will respond as to Fields. Further, Fields was paroled on January 8, 2020.

124. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

125. Defendants deny the allegations set forth in this paragraph.

126. Defendants deny the allegations set forth in this paragraph.

## CLASS ACTION ALLEGATIONS

127. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

128. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

129. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

130. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

## CAUSES OF ACTION

*First Cause of Action*

**(Declaratory and Injunctive Relief-Eighth and Fourteenth Amendments of the U.S. Constitution via 42 U.S.C. § 1983)**

131. No response is required as no averments are contained therein.

132. Defendants admit Plaintiffs have rights under the Eighth and Fourteenth Amendments of the United States Constitution. Defendants deny those rights, or any right owed to Plaintiffs were violated at any time or in any manner. Defendants deny all remaining allegations set forth in this paragraph.

133. Defendants admit Plaintiffs have received medical care. Defendants deny the remaining allegations set forth in this paragraph.

134. Defendants deny the allegations set forth in this paragraph.

*Second Cause of Action*

**(Declaratory and Injunctive Relief-Americans with Disabilities Act, 42 U.S.C. §§ 12131, et seg.)**

135. No response is required as no averments are contained therein.

/ / /

136. Defendants admit Plaintiffs have rights under the Americans with Disabilities Act (ADA). Defendants deny those rights, or any right owed to Plaintiffs were violated at any time or in any manner. Defendants deny all remaining allegations set forth in this paragraph.

137. The definition cited in this paragraph speaks for itself, therefore, no response is required. To the extent Plaintiffs are making any allegations in the paragraph or any response is required, Defendants deny the allegations set forth in this paragraph.

138. Defendants admit the allegations set forth in this paragraph.

139. Defendants admit the allegations set forth in this paragraph.

140. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

141. Defendants are without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

142. Defendants admit the NDOC has policies and procedures. Defendants deny the remaining allegations set forth in this paragraph.

143. Defendants deny the allegations set forth in this paragraph.

### *Third Cause of Action*
**(Declaratory and Injunctive Relief-Equal Protection Clause of the Fourteenth Amendments to the U.S. Constitution via 42 U.S.C. § 1983)**

144. The case cited in this paragraph speaks for itself, therefore, no response is required. To the extent Plaintiffs are making any allegations in the paragraph or any response is required, Defendants deny the allegations set forth in this paragraph.

145. Defendants deny the allegations set forth in this paragraph.

146. Defendants deny the allegations set forth in this paragraph.

147. Defendants admit Plaintiffs have rights under the Fourteenth Amendments of the United States Constitution. Defendants deny those rights, or any right owed to Plaintiffs were violated at any time or in any manner. Defendants deny all remaining allegations set forth in this paragraph.

148. Defendants deny the allegations set forth in this paragraph.

149. Defendants deny the allegations set forth in this paragraph.

150. Defendants deny the allegations set forth in this paragraph.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs are entitled to any of the relief sought in the Complaint at pages 22 and 23.

## ADDITIONAL ALLEGATIONS

Furthermore, as to any remaining allegations contained in the Complaint not specifically admitted or denied herein above, Defendants hereby deny all such allegations.

## AFFIRMATIVE DEFENSES

Defendants also asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants are not personally involved in the cause in fact and/or the proximate cause of the alleged constitutional deprivations.

### THIRD AFFIRMATIVE DEFENSE

This action is time-barred by applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Defendants, at all relevant times, acted in good faith toward Plaintiffs. Therefore, Defendants is/are entitled to qualified good faith immunity from damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified and absolute immunity.

### SIXTH AFFIRMATIVE DEFENSE

At all relevant times herein, Defendants acted in accordance with applicable law and prison procedures that are constitutionally required.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to state a cognizable constitutional claim under 42 U.S.C. § 1983 and the Nevada Constitution, Article 6, subsection 6, and NRS 41.031.

/ / /

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate damages, if any, and therefore, is barred from seeking any damages hereunder.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs were themselves negligent in their conduct and such negligence is the sole, primary and superseding cause of any damages sustained by him, if any.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' punitive damage claims are barred by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability because the acts complained of were discretionary in nature or were performed while carrying out a statute or regulation.

**TWELFTH AFFIRMATIVE DEFENSE**

At all-time relevant, Defendants held a good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' conduct constitutes a waiver of any alleged wrongful conduct undertaken by the answering Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' conduct ratified any alleged wrongful conduct by the answering Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability as a matter of law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend this answer to allege additional affirmative defenses if subsequent discovery so warrants.

/ / /

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The negligence of Plaintiffs caused or contributed to any injuries or damages which Plaintiff may have sustained, and the negligence of the Defendants, if any, requires that the damages of Plaintiff be denied or diminished in proportion to the amount of negligence attributable to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants cannot be sued for monetary damages while acting in their official capacity in a civil rights action.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from pursuing any claim against Defendants in accordance with equitable principles of jurisprudence.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The doctrines of res judicata and/or collateral estoppel bar Plaintiff from asserting the matters set forth in his Complaint and also acts as a bar to any relief sought by Plaintiff.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

The Defendants has filed an opposition to Plaintiffs' Motion to Certify Class, and stands by all the arguments contained therein.

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff take nothing by virtue of his Complaint.

2. For attorney fees and costs of suit herein.

3. A jury trial is demanded.

DATED this 21st day of January, 2020.

        AARON D. FORD
        Attorney General

By: */s/ Douglas R. Rands*
   D. Randall Gilmer, Bar No. 14001
    Chief Deputy Attorney General
   Douglas R. Rands, Bar No. 3572
    Senior Deputy Attorney General
   Frank A. Toddre, II, Bar No. 11474
    Deputy Attorney General
   Jared M. Frost (Bar No. 11132)
    Senior Deputy Attorney General
   *Attorneys for the Defendants*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 21st day of January, 2020, I caused a copy of the foregoing, **DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT (ECF 10) JURY TRIAL DEMANDED** to be served, by U.S. District Court CM/ECF Electronic Filing on the following:

Adam Hosmer-Henner, Esq.
Philip Mannelly, Esq.
Chelsea Latino, Esq.
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV  89501
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Margaret A. McLetchie, Esq.
Alina Shell, Esq.
MCLETCHIE LAW
701 E. Bridger Ave., Suite 520
Las Vegas, NV  89101
maggie@nvlitigation.com
alina@nvlitigation.com

*Attorneys for Plaintiff*

        /s/ Laure Penny
An employee of the
Office of the Nevada Attorney General