Adam Hosmer-Henner, Esq. (NSBN 12779)
Philip Mannelly, Esq. (NSBN 14236)
Chelsea Latino, Esq. (NSBN 14227)
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Maggie McLetchie (NSBN 10931)
Alina Shell, Esq. (NSBN 11711)
McLETCHIE LAW
701 E. Bridger Ave., Suite 520
Las Vegas, NV 89101
(702) 728-5300
maggie@nvlitigation.com
alina@nvlitigation.com

*Class Counsel*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| | |
|---|---|
| IN RE: HCV PRISON LITIGATION | Case No: 3:19-cv-00577-MMD-CLB<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF CONSENT DECREE** |

Class Representatives Marty Scott Fitzgerald, Elizabeth Carley, Donald Savage, Howard White, Carl Olsen, Scott Bedard, Stephen Ciolino and Mitchell Fields ("Class Representatives") and Defendants the State of Nevada *ex rel.* Nevada Department of Corrections, Director Charles Daniels, former Acting Director and current Deputy Director of Operations Harold Wickham, former Director James Dzurenda, former Medical Director Romeo Aranas, M.D., current Medical Director, Michael Minev, M.D. (collectively referred to as "the NDOC" or "Defendants") (Class Representatives and Defendants are collectively referred to herein as the "Parties" or individually as a "Party"), respectfully request that this Court to preliminarily approve the Consent Decree submitted with this Motion, Exhibit 1, as well as the form of notice provided to the Class Members,

Exhibit 2. This Motion is made and based upon the following Memorandum of Points and Authorities, the exhibits attached hereto, the pleadings and papers on file, and any oral argument of counsel at a hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The Parties have reached a proposed resolution of this class action whereby 1) all inmates in the custody of NDOC will be tested for Hepatitis C ("HCV") this year; 2) effectively all of the highest-priority inmates will receive Direct-Acting Antiviral ("DAA") treatment within six months of the approval of the Consent Decree; 3) 1,200 inmates with HCV will receive DAA treatment within the first year and a total of 2,400 inmates with HCV will receive this cure within the first three years after the approval of the Consent Decree. Exhibit 1, Proposed Consent Decree. The Parties have also agreed upon a revised set of policies and practices through the amendment of MD 219 and its related documents. As many of these timelines are triggered by the effective date of the final approval of the Consent Decree, there is significant urgency. However, there are complexities and procedural formalities that need to be addressed and thus, the Parties respectfully suggest the following framework should be adopted upon preliminary approval of the Consent Decree by the Court.

First, the Parties' request that after preliminary approval, the Court set a fairness hearing ("Fairness Hearing") as soon as possible after October 22, 2020 (the date of the next Interim Finance Committee), at which the final approval of the Consent Decree will be presented and resolved in accordance with Fed. R. Civ. P. 23(e). The period between the preliminary approval of the Consent Decree and the Fairness Hearing will be referred to as the "Interim Period."

Second, within ten (10) days after preliminary approval, the Parties will notify ascertainable Class Members of the proposed Consent Decree ("Notice"), Exhibit 2, and inform them that they have the opportunity to provide input to the Court and/or object to the Consent Decree during the Interim Period. The Notice will also inform the Class Members, including Class Representatives, that they are entitled to an additional opt-out period during the Interim Period.

Third, during the Interim Period, Defendants will seek approval of the Consent Decree from the Board of Examiners, the Interim Finance Committee, and/or the Nevada Legislature. The Consent Decree is expressly contingent upon certain governmental approvals; however, the Parties anticipate that the matter will be presented and approval hopefully obtained prior to the Fairness Hearing. In the event that the governmental approvals are not received, the Parties will notify the Court and schedule a status conference.

Fourth, in advance of the Fairness Hearing, the Parties will submit supplemental briefing as needed to inform the Court of the status of the governmental approvals, respond to any objections to the Consent Decree, and further support the basis for entry of the Consent Decree.

Based on the foregoing, this Joint Motion respectfully requests that the Court (1) preliminarily approve the Consent Decree, Ex. 1; (2) approve the form of the Notice, Ex. 2; (3) set a date for the Fairness Hearing; and (4) set a date by which Class Members must seek exclusion from the Class or file objections to the proposed Consent Decree.

**II.    LEGAL STANDARD**

"The Court's review of the proposed consent decree is informed by the public policy favoring settlement." *Sierra Club v. McCarthy*, No. 13-CV-03953-SI, 2015 WL 889142, at *5 (N.D. Cal. Mar. 2, 2015). A district court may approve a consent decree when the decree is "fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.,* 909 F.2d 1350, 1355 (9th Cir. 1990). "If the decree was the product of 'good faith, arms-length negotiations,' it is 'presumptively valid and the objecting party has a heavy burden of demonstrating the decree is unreasonable.' *McCarthy*, 2015 WL 889142, at *5 (quoting *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990)).

Further, pursuant to the Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA"), a consent decree containing injunctive relief in a case involving "prison conditions" may not be approved unless the district court finds that the injunctive relief is (1) narrowly drawn, (2) extends no further than is necessary to correct the asserted violation of the federal right, and (3) is the least intrusive means necessary to correct the asserted violation of the federal right.

//

## III. ARGUMENT

This Court should preliminarily approve the Consent Decree because it is (1) fair, adequate, and reasonable; (2) not illegal or the result of collusion, and in the public interest. Moreover, it is (1) narrowly drawn, (2) extends no further than necessary to correct the asserted violation of a federal right, and (3) is the least intrusive means necessary to correct the asserted violation of a federal right.

This class action relates to the policies and practices for testing and treatment of inmates in NDOC custody. Plaintiffs sought declaratory and injunctive relief, and to certify a class seeking the same, from the State of Nevada's practice of withholding or delaying curative treatment to inmates with chronic Hepatitis C Virus ("HCV") without medical justification. This curative treatment is commonly referred to as DAA Treatment. While Defendants do not admit liability, the proposed Consent Decree will expand and accelerate the testing and treatment of inmates with HCV. Defendants have agreed to revise MD 219 and the related documents to remove non-medical barriers to testing and treatment. Ex. 1. Defendants have also agreed to definitive timelines by which a set number of inmates with HCV must be provided with DAA Treatment and this rate of treatment is exponentially greater than the existing rate. *Id.*

//
//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For all of the foregoing reasons, the Parties request that the Court (1) preliminarily approve the Consent Decree, Ex. 1; (2) approve the form of the Notice, Ex. 2; (3) set a date for the Fairness Hearing; and (4) set a date by which Class Members must seek exclusion from the Class or file objections to the proposed Consent Decree.

Dated August 20, 2020.

| McDONALD CARANO LLP | AARON D. FORD, Attorney General |
|---|---|
| */s/ Adam Hosmer-Henner* | */s/ D. Randall Gilmer* |
| Adam Hosmer-Henner, Esq. (NSBN 12779) | D. Randall Gilmer (NSBN 14001) |
| Philp Mannelly, Esq. (NSBN 14236) | 555 E. Washington St., Ste. 2600 |
| Chelsea Latino, Esq. (NSBN 14227) | Las Vegas, Nevada 89101 |
| 100 W. Liberty Street, Tenth Floor | (702) 486-3427 |
| Reno, NV 89501 | drgilmer@ag.nv.gov |
| (775) 788-2000 | Douglas R. Rands (NSBN 3572) |
| ahosmerhenner@mcdonaldcarano.com | 100 N. Carson Street |
| pmannelly@mcdonaldcarano.com | Carson City, Nevada 89701 |
| clatino@mcdonaldcarano.com | (775) 684-1150 |
| | drands@ag.nv.gov |
| Maggie McLetchie, Esq. (NSBN 10931) | |
| Alina Shell, Esq. (NSBN 11711) | *Attorneys for Defendants* |
| McCLETCHIE LAW | |
| 701 E. Bridger Ave., Suite 520 | |
| Las Vegas, NV 89101 | |
| (702) 728-5300 | |
| maggie@nvlitigation.com | |
| alina@nvlitigation.com | |
| | |
| *Attorneys for Plaintiffs* | |

## **CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano and that on this date, I served the within **JOINT MOTION FOR PRELIMINARY APPROVAL OF CONSENT DECREE** on the parties in said case by electronically filing via the Court's e-filing system. The participants in this case are registered e-filing users and that service will be accomplished by e-filing to the following e-filing participants:

    Aaron D. Ford, Esq.
    Douglas Rands, Esq.
    Charles Odgers, Esq.
    Jared Frost, Esq.
    Nevada Attorney General's Office
    100 N. Carson Street
    Carson City, NV 89701

In addition, a true and correct copy was mailed to the party below via U.S. Mail addressed as follows:

| | |
|---|---|
| Budd Reese, #80466<br>Ely State Prison<br>P.O. Box 1989<br>Ely, NV 89301 | Donald M. Savage, #1004487<br>Northern Nevada Correctional Center<br>P.O. Box 7000<br>Carson City, NV 89702 |
| Howard Lee White, #24575<br>Northern Nevada Correctional Center<br>P.O. Box 7000<br>Carson City, NV 89702 | Carl Henry Olsen, #31147<br>Lovelock Correctional Center<br>1200 Prison Road<br>Lovelock, NV 89419 |
| Scott H. Bedard, #67540<br>Lovelock Correctional Center<br>1200 Prison Road<br>Lovelock, NV 89419 | Stephen Frederick Paul Ciolino, #84670<br>High Desert State Prison<br>P.O. Box 650<br>Indian Springs, NV 89070 |
| Mitchell Fields, #46666<br>Love Lock Correctional Center<br>1200 Prison Road<br>Lovelock, NV 89419 | Marty Scott Fitzgerald, #73049<br>High Desert State Prison<br>PO Box 650<br>Indian Springs, NV 89070 |

//

//

//

//

1  Elizabeth Carley, # 1095997       Ty Thomas, #69806
   Florence McClure Women's          Northern Nevada Correctional Center
2  Correctional Center               P.O. Box 7000
   4370 Smiley Road                  Carson City, NV 89702
3  Las Vegas, NV 89115

4  Ronald J. Mulder, # 72064
   Northern Nevada Correctional Center
5  P.O. Box 7000
   Carson City, NV 89702

6
       Dated: August 20, 2020
7

8
                                              */s/ Jill Nelson*
9                                             Jill Nelson

## INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| 1 | Consent Decree | 24 |
| 2 | Notice to Class | 5 |