# Exhibit 2
## Notice to Class

# Exhibit 2

# UNITED STATES COURT FOR THE DISTRICT OF NEVADA

*In re: HCV Prison Litigation*, Case No. 3:19-cv-00577-MMD-CLB

# NOTICE OF PROPOSED SETTLEMENT VIA A CONSENT DECREE OF CLASS ACTION RELATED TO THE TREATMENT OF CHRONIC HEPATITIS C BY THE NEVADA DEPARTMENT OF CORRECTIONS ("NDOC").

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

Current and former inmates ("Class Representatives") have brought a class action lawsuit against NDOC seeking to increase the availability of direct-acting antiviral ("DAA") treatment for NDOC inmates with chronic Hepatitis C ("HCV"). The United States District Court for the District of Nevada is overseeing this class action. The case is called *In re: HCV Prison Litigation*, Case No. 3:19-cv-00577-MMD-CLB and the class action complaint was filed on December 9, 2019.

The Federal Court has certified this case as a class action on behalf of all persons: "(a) who are or will be in the legal custody of NDOC; (b) who have been incarcerated for at least 21 days and have at least 12 weeks remaining on their sentence; (c) who have been diagnosed with chronic HCV and are candidates for DAA treatment pursuant to the proper medical standard of care; and (d) for whom DAA treatment has been or will be denied, withheld, or delayed based on policies or considerations that deviate from the proper medical standard of care."

The Plaintiffs and Defendants have reached a proposed resolution of this class action through the proposed Consent Decree. You may be a member of the class affected by this lawsuit and by the proposed Consent Decree. The purpose of this notice is to inform you of the proposed Consent Decree, which must be approved by the United States District Court, in a pending class action lawsuit, *In re: HCV Prison Litigation*, Case No. 3:19-cv-00577-MMD-CLB.

1. **What is this lawsuit about**?

This lawsuit claims that the Defendants are violating the constitutional rights of prisoners with HCV by denying or delaying DAA treatment.

The Court did not decide in favor of either the Class Members or the NDOC. Instead, both sides agreed to a negotiated resolution and Consent Decree. This negotiated resolution avoids the cost, delay, and uncertainty of a trial. The Class Counsel believe the proposed Consent Decree is in the best interests of the Class Members taking into account the benefits of settlement, the risks of continued litigation and the delay in obtaining relief and treatment for the Class if the litigation continues.

2. **Summary of proposed Consent Decree**

The Class Plaintiffs in this case asked only for prospective relief, not for money damages. The proposed Consent Decree will be in force for four years during which time the NDOC medical directive, relating to HCV Treatment by NDOC, will not be modified without Court approval.

- Defendants have agreed to modify and revise MD 219 in order to remove nonmedical reasons to deny DAA Treatment to Class Members.
- Defendants have agreed to test all inmates in NDOC custody for HCV by December 31, 2020.
- Defendants have agreed to continue testing all inmates for HCV during intake.
- Defendants have agreed to provide DAA Treatment to all Priority One inmates within six months from the approval of the Consent Decree, unless there are medical reasons not to provide such treatment.
- Within one-year of the approval of the Consent Decree, Defendants will provide DAA Treatment to a total of 1,200 inmates with HCV. Within three-years of the approval of the Consent Decree, Defendants will provide DAA Treatment to a total of 2,400 inmates, including those previously treated in the first year.

Class Counsel have also agreed to conduct ongoing monitoring of the Consent Decree in an effort to ensure that its provisions are being followed.

3. **Effect of Resolution**

The Consent Decree does not prevent any prisoner from continuing their existing lawsuits, or bringing future lawsuits, to obtain monetary damages. The Consent Decree also does not stop an individual from asserting claims that are not related to the NDOC's general policies and practices for testing and treating HCV, and a prisoner may still seek injunctive relief for their individual claims based on the application of the revised policies to that individual.

However, the Consent Decree will be a final judgment and resolution of claims for prospective relief concerning the NDOC's policies and practices for testing and treatment of HCV, and no general or facial challenges to MD 219 and the HCV Consent Agreement will be permitted during the time that the Consent Decree is in force.

4. **Am I a part of this class?**

The Court certified this class as being all current or future inmates within NDOC custody who:
    (a) are or will be incarcerated in a NDOC Facility;
    (b) have been incarcerated for at least 21 days and have at least 12 weeks left on their sentence;
    (c) have been diagnosed with chronic HCV and are candidates for DAA treatment pursuant to the proper medical standard of care; and
    (d) have been or will have DAA treatment denied, withheld, or delayed based on NDOC policies or other considerations that deviate from the proper medical standard of care

are **<u>automatically a part of the class, except as provided below</u>**.

**5. Do I have to participate in this lawsuit or the Consent Decree?**

No. Unless you are already a named plaintiff, you are not required to participate in this lawsuit in any way. Note that if you do not participate in the lawsuit, but you are still an incarcerated at an NDOC facility and have HCV, any changes in medical care ordered by the Court will still apply to you. The litigation was certified under Federal Rule of Civil Procedure 23(b)(2), meaning that the remedy Plaintiffs sought in this litigation was for prospective relief, rather than a monetary award. However, as noted below, you are free to seek your own damages action.

While you will not be required to participate in this lawsuit, please note that should you remain a member of the class, your medical records may be released pursuant to a protective order that would strictly limit their dissemination and prohibit their misuse.

**6. Will I receive anything from the Consent Decree?**

No class member, including named plaintiffs, will receive monetary compensation as a result of the Class Decree. Class Counsel believe that all class members will receive significant nonmonetary benefits in the form of expanded testing and treatment for HCV. The Consent Decree provides Class Counsel with a partial reimbursement for their attorney's fees and costs.

**7. Fairness Hearing**

The Court has preliminarily approved the settlement, and has scheduled a hearing for [DATE] at [TIME] in the [LOCATION], to decide whether the proposed Consent Decree is fair, reasonable, and adequate, and should be finally approved. Although you are not required to attend, you may provide your input in advance of the hearing by [DATE] by submitting written comments to:

>  McLETCHIE LAW
>  701 E. Bridger Ave., Suite 520
>  Las Vegas, NV 89101

After the hearing, the Court will decide whether to approve the settlement. This hearing date is subject to change without further notice. You may check the public court records on file in this action at https://www.pacer.gov/ for any updates.

**8. How to be object to or be excluded from this Class and Consent Decree?**

Any class member may object to the terms of the Consent Decree described above by filing a written objection via first-class mail by [DATE] with the District Court and serving Class Counsel with a copy at:

>  McLETCHIE LAW
>  701 E. Bridger Ave., Suite 520
>  Las Vegas, NV 89101

If you submit a written objection, it should include the following information: your name and contact information; if you are being represented by counsel, the name, address, telephone number and e-mail address of your attorney; (b) a statement of your objections; and (c) a statement of whether you are a member of the Class.

If you wish to opt-out from the proposed Consent Decree, you must specifically request exclusion in accordance with the following procedures. To exclude yourself from the Class, you must send a letter by first-class mail stating that you "request exclusion from the Class in *In re: HCV Prison Litigation*, Case No. 3:19-cv-00577-MMD-CLB." Your request must (i) state the name and contact information of the person requesting exclusion and (ii) be signed by the person or entity requesting exclusion or an authorized representative. You must mail your exclusion request, postmarked by no later than [DATE], 2020 to:

> McLETCHIE LAW
> 701 E. Bridger Ave., Suite 520
> Las Vegas, NV 89101

You cannot exclude yourself from the Class by telephone or by e-mail and a request for exclusion shall not be effective unless it contains all the information called for by this paragraph and is postmarked by the date stated above, or is otherwise accepted by the Court. If you have already filed a legal action with respect to HCV, you must also file a specific notice in that action indicating that you have requested exclusion from Case No. 3:19-cv-00577-MMD-CLB and the Consent Decree.

**Any class member who does not object at or before the Fairness Hearing will be deemed to have approved the Consent Decree and to have waived such objections and shall not be able to make any objections (by appeal or otherwise) to the Consent Decree.**

The proposed Consent Decree in the class action, Case No. 3:19-cv-00577-MMD-CLB, will still affect you regardless of whether you request exclusion from the Class.

### 9. Do I have a lawyer in this lawsuit?

The Court appointed the law firms of McDonald Carano LLP and McLetchie Law to represent all class members in this case. These lawyers are called "Class Counsel." You do not owe Class Counsel any money for their services in this case.

If you want to communicate with Class Counsel about this lawsuit, you may write to them at the following address:

> MCLETCHIE LAW
> 701 E. Bridger Ave., Suite 520
> Las Vegas, NV 89101

### 10. Should I get my own lawyer?

You are not required to hire your own lawyer to be part of this class action lawsuit for declaratory and injunctive relief because Class Counsel is working on behalf of all class members If you want your own lawyer, you can have a lawyer enter an appearance in this case on your behalf. You will likely have to pay that lawyer, however. This class action does not affect your ability to pursue individual damages claims related to your own medical history; however, the conclusions of the District Court with respect to the constitutional rights of prisoners with HCV may affect the legal analysis of your claims.

### 11. Where can I obtain additional information?

The District Court of Nevada maintains publicly available information, including the case docket, at pacer.gov. The terms of the Consent Decree are only summarized in this Notice. For the precise and full terms and conditions of the Consent Decree, please visit the case docket at pacer.gov.

**PLEASE DO NOT DIRECT QUESTIONS TO THE DISTRICT COURT.**

**This Notice will be posted in each NDOC facility's infirmary, housing units / tiers, (including any bulletin boards and any case worker office), visitation areas, recreation areas, and, if applicable, any common areas, the canteen, law library and cafeteria for the duration of this action, by order of the United States District Court for the District of Nevada.**