Adam Hosmer-Henner (NSBN 12779)
Philip Mannelly (NSBN 14236)
Chelsea Latino (NSBN 14227)
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Maggie McLetchie (NSBN 10931)
Alina Shell (NSBN 11711)
McLETCHIE LAW
701 E. Bridger Ave., Suite 520
Las Vegas, NV 89101
(702) 728-5300
maggie@nvlitigation.com
alina@nvlitigation.com

*Class Counsel*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| IN RE: HCV PRISON LITIGATION | Case No: 3:19-cv-00577-MMD-CLB<br><br>**JOINT QUARTERLY REPORT** |

Pursuant to this Court's Order (ECF No. 79) and the Consent Judgment (ECF No. 80) (referred to as "Consent Judgment" or "Consent Decree"), Class Counsel and Defendants submit this Joint Quarterly Report ("Report") as part of their ongoing monitoring obligations. This Report does not request relief or other intervention by the Court as the terms of the Consent Judgment have been properly carried out to date.

//

//

//

//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Parties are pleased to report that the terms of the Consent Decree are being satisfactorily implemented and that there are no issues requiring this Court's intervention at this point in time. The Parties have been in frequent communication regarding the implementation of the Consent Decree and, while this first quarter has been an adjustment period, there have not been any issues that the Parties have not been able to address and resolve. In fact, the Defendants are largely ahead of schedule with respect to the testing and treatment of inmates for Hepatitis C ("HCV").

As this is the first Report, the Parties hope that the format and content are acceptable to the Court and are of course willing to discuss any feedback, issues, or questions the Court may have in the event that the Court would like to schedule a status conference. There is one specific item that the parties would like to identify for the Court related to confidentiality. The monitoring information provided by Defendants to Class Counsel includes confidential information that would merit protection under the Protective Order (ECF No. 43) and the Consent Decree (ECF No. 80). The Parties have prepared and attached redacted versions of these documents to this Report and believe that this is appropriate under the above documents and LR IC 6-1. Class Counsel have received unredacted versions of the documents, but do not need to make these documents part of the court record, requiring filing under seal, unless the Court disagrees.

For this initial reporting period, the Parties can represent that the fundamental aspects of the Consent Decree are in place and are operating as envisioned. For the next reporting period and the subsequent periods, the Parties expect to be able to provide the Court with further information about the trends in treatment and practices.

## II. REVISED DOCUMENTS

Paragraph 29 of the Consent Decree requires Defendants "to adopt and follow the revised version of MD 219 . . . and the revised version of the HCV Consent Agreement." (ECF No. 80). Defendants have adopted these documents (Medical Directive 219 and Medical Division Form DOC 2730) as of October 29, 2020 and these documents, along with the Consent Decree were

provided "to all officers, employees, physicians, and agents whose duties might reasonably include compliance with any provision of this Consent Decree." Consent Decree, ¶ 28 (ECF No. 80).

### III. TESTING AND TREATMENT

Paragraph 32 of the Consent Decree requires Defendants to "test all inmates in the custody of NDOC for HCV by December 31, 2020." (ECF No. 80). This has been accomplished by Defendants, except for some inmates who are currently in the intake process and others who have recently returned to Nevada from out-of-state facilities. Inmates in these categories are in line to be tested and will be tested on an ongoing basis.

Paragraph 34 of the Consent Decree requires Defendants to "screen and prioritize all Class Members using the criteria in the revised version of MD 219." (ECF No. 80). This has been accomplished by Defendants, again except for inmates who are currently in the intake process or who have recently returned to Nevada from out-of-state facilities. Inmates in these categories will be prioritized on an ongoing basis.

The Parties have investigated but not identified any changes to the medical standard of care for HCV that would warrant alterations of the Consent Decree. The HCV Guidelines of the AASLD and the IDSA were updated on August 27, 2020 and continue to recommend direct-acting antiviral treatment. https://www.hcvguidelines.org.

### IV. ONGOING MONITORING

Paragraph 40 of the Consent Decree (ECF No. 80) requires Defendants to provide information for the following categories:

*a. The number of inmates tested/screened during the reporting period*

Between October 29, 2020 to January 28, 2021, 803 inmates were tested for HCV. This total includes both non-intake and intake testing. There are approximately 147 inmates who are currently in the intake process who have not yet been tested. The intake process takes anywhere between two-to-four weeks, but these inmates in the intake process are in the process of being tested for HCV. In addition to the 147 inmates in or just completing the intake process, NDOC must test 87 inmates that were transferred back to NDOC custody from Arizona during this time period. Specifically, those inmates were returned to NDOC custody, and placed in custody at High

Desert State Prison (HDSP) throughout the month of November 2020, with transfer completed by approximately November 30, 2020. NDOC is committed to testing these inmates as soon as possible, however, due to COVID-19 protocols and other safety and security protocols associated with the return of these inmates to NDOC custody, they have not yet been tested. However, as with the other 147 inmates, these inmates are also in the process of being tested. This total does not include the number of inmates who refused testing and opted-out and the Parties are working to identify the opt-out statistics and related data.

> **b. The number of inmates who tested positive for HCV during the reporting period (including the date on which each inmate tested positive for HCV)**

Between October 29, 2020 to January 28, 2021, 120 inmates tested positive for HCV. The attached spreadsheet includes information on the date of each positive test. Exhibit 1.

> **c. The number of inmates who began receiving DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was initiated) during the reporting period**

Between October 29, 2020 to January 28, 2021, 15 inmates have begun medication. Exhibit 1. During the same time period, 83 inmates have been seen by a provider and 7 further inmates were scheduled to be seen on January 29, 2021.

> **d. The number of inmates who concluded their course of DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was concluded) during the reporting period**

Between October 29, 2020 to January 28, 2021, no inmates have concluded DAA treatment. The first course of treatment for an inmate who began treatment during the reporting period is expected to conclude in February 2021. The subsequent Joint Quarterly Report is obviously anticipated to have more information in this category.

> **e. The number of inmates who obtained SVR (cure) after completion of DAA treatment during the reporting period**

Between October 29, 2020 to January 28, 2021, no inmates have obtained SVR for the reasons explained above in paragraph d.

    *f.  The number of inmates who were tested after receiving DAA treatment but did not obtain SVR (cure) after completion of DAA treatment during the reporting period*

Between October 29, 2020 to January 28, 2021, no inmates have failed to obtain SVR for the reasons explained above in paragraph d.

    *g.  The number of inmates for whom DAA Treatment was denied or delayed (with information and explanations for each denial/delay) during the reporting period.*

Between October 29, 2020 to January 28, 2021, Defendants identified a total of 745 inmates as HCV positive. While no inmate has been denied or specifically delayed treatment, there are 78 inmates releasing within 120 days who will not be eligible for treatment per Medical Directive 219.03. Exhibit 1.

**V.    HCV COMMITTEE MEETINGS AND MINUTES**

Under Medical Directive 219, as incorporated into the Consent Decree, "NDOC will maintain an HCV Committee which shall consist of the Medical Director or designee and at least two (2) institutional practitioners. The HCV Committee shall meet at least once per month." MD 219.02(d) (ECF No. 61-1).

The HCV Committee has met on November 4, 2020, December 2, 2020, and January 13, 2021. Copies of the agendas for November 4, 2020 and January 13, 2021 are attached. Exhibit 2. An agenda for the December 2, 2020 meeting was not prepared. Minutes from the November 4, 2020, December 2, 2020, and January 13, 2021 are attached. Exhibit 3. These minutes reflect approval of all inmates who were considered for treatment.

//
//
//
//
//
//
//
//

## VI.   UPCOMING DEADLINES FOR THE NEXT QUARTER

Paragraph 36 of the Consent Decree provides that by April 29, 2021, Defendants "will provide DAA Treatment to all inmates who are prioritized as Priority One, as that term is further defined and described in MD 219, so long as there is no medical contraindication as set forth in MD 219." (ECF No. 80). Based on current information, there are 168 inmates who have been prioritized as Priority One and Defendants are on track for providing DAA Treatment to all of these 168 inmates by April 29, 2021.

Dated January 29, 2021.

McDONALD CARANO LLP
  */s/ Adam Hosmer-Henner*
Adam Hosmer-Henner, Esq. (NSBN 12779)
Philp Mannelly, Esq. (NSBN 14236)
Chelsea Latino, Esq. (NSBN 14227)
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Maggie McLetchie (NSBN 10931)
Alina Shell (NSBN 11711)
McCLETCHIE LAW
701 E. Bridger Ave., Suite 520
Las Vegas, NV 89101
(702) 728-5300
maggie@nvlitigation.com
alina@nvlitigation.com

*Attorneys for Plaintiffs*

AARON D. FORD, Attorney General
  */s/ D. Randall Gilmer*
D. Randall Gilmer (NSBN 14001)
555 E. Washington St., Ste. 2600
Las Vegas, Nevada 89101
(702) 486-3427
drgilmer@ag.nv.gov
Douglas R. Rands (NSBN 3572)
100 N. Carson Street
Carson City, Nevada 89701
(775) 684-1150
drands@ag.nv.gov

*Attorneys for Defendants*

**INDEX OF EXHIBITS**

| EXHIBIT # | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| 1 | Spreadsheet | 7 |
| 2 | Meeting Agendas | 10 |
| 3 | Meeting Minutes | 7 |