AARON D. FORD
  Attorney General
D. Randall Gilmer, Bar No. 14001
  Chief Deputy Attorney General
Douglas R. Rands, Bar No. 3572
  Senior Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
(775) 684-1150
(775) 684-1108 (fax)
drands@ag.nv.gov
drgilmer@ag.nv.gov

*Attorneys for the*
*Nevada Department of Corrections*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * * * *

| IN RE: HCV PRISON LITIGATION | Case No:  3:19-cv-00577-MMD-CLB |
|---|---|
| | **QUARTERLY REPORT** |

Pursuant to this Court's Order (ECF No. 79) and the Consent Judgment (ECF No. 80) (referred to as "Consent Judgment" or "Consent Decree"), Defendants submit this Quarterly Report ("Report") as part of the Court's ongoing monitoring obligations. This Report does not request relief or other intervention by the Court as it is the position of the Defendants that the terms of the Consent Judgment have been properly carried out to date. Class Counsel will issue a separate response shortly.

///

///

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The Defendants are pleased to report that the terms of the Consent Decree are being satisfactorily implemented and that there are no issues requiring the Court's intervention at this time. The Parties have been in communication regarding the implementation of the Consent Decree and, while this quarter continues to have some difficulties, due to the ongoing COVID pandemic and its effect on medical appointments, it is not believed that there are any issues that the Parties have not been able to address and resolve via joint resolution. The Class Counsel has some questions relating to various issues, and the Defendants, through Counsel, are gathering the information needed. The Defendants are largely on schedule with respect to the testing and treatment of inmates for Hepatitis C ("HCV").

The monitoring information provided by Defendants to Class Counsel includes confidential information that would merit protection under the Protective Order (ECF No. 43) and the Consent Decree (ECF No. 80). The Parties have prepared and attached redacted versions of these documents to this Report and believe that this is appropriate under the above documents and LR IC 6-1. Class Counsel have received unredacted versions of the documents, but the positions of the Parties is that these documents should not be made a part of the official court record because it would require filing under seal.

For the second reporting period, the Defendants represent that the fundamental aspects of the Consent Decree are in place and are operating as envisioned. In the future, the Parties expect to be able to provide the Court with further information about the trends in treatment and practices that can only be gleaned once sufficient data is obtained.

## II.   REVISED DOCUMENTS

Paragraph 29 of the Consent Decree requires Defendants "to adopt and follow the revised version of MD 219 . . . and the revised version of the HCV Consent Agreement." (ECF No. 80). Defendants have adopted these documents (Medical Directive 219 and Medical Division Form DOC 2730) as of October 29, 2020. These documents, along with the Consent Decree, were provided "to all officers, employees, physicians, and agents whose duties might reasonably

include compliance with any provision of this Consent Decree." Consent Decree, ¶ 28 (ECF No. 80).

## III.   TESTING AND TREATMENT

Paragraph 32 of the Consent Decree requires Defendants to "test all inmates in the custody of NDOC for HCV by December 31, 2020." (ECF No. 80). All inmates that were in NDOC's physical custody as of December 31, 2020 have been tested. Inmates that are new to NDOC or inmates that have returned from out of state placements are still in the process of being tested and are being tested on an ongoing basis.

Paragraph 34 of the Consent Decree requires Defendants to "screen and prioritize all Class Members using the criteria in the revised version of MD 219." (ECF No. 80). All inmates with known test results have been prioritized. Inmates that still need be tested, as set forth above, will be prioritized as the results become known.

The Parties have not identified any changes to the medical standard of care for HCV that would warrant alterations of the Consent Decree. The HCV Guidelines of the AASLD and the IDSA were updated on August 27, 2020 and continue to recommend direct-acting antiviral treatment. https://www.hcvguidelines.org.

## IV.   ONGOING MONITORING

Paragraph 40 of the Consent Decree (ECF No. 80) requires Defendants to provide information for the following categories:

### a.   *The number of inmates tested/screened during the reporting period*

Between January 29, 2021 to April 13, 2021, 806 inmates were tested for HCV. This total includes both non-intake and intake testing. The intake process takes anywhere between two-to-four weeks to complete, but while these inmates are in the intake process they are being tested for HCV.

### b.   *The number of inmates who tested positive for HCV during the reporting period (including the date on which each inmate tested positive for HCV)*

Between January 29, 2021 to April 13, 2021 76 inmates tested positive for HCV. The attached spreadsheet includes information on the date of each positive test. Exhibit A.

      ***c. The number of inmates who began receiving DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was initiated) during the reporting period***

Since January 29, 2021, 83 inmates have begun DAA treatment on Epclusa and 2 inmates began treatment on Mayyret. In addition, 47 inmates have orders to begin medications, with 38 out of 47 with medications on the way to their respective institutions. The remaining 9 out of 47 inmates have medications on their way to Casa Grande Pharmacy to be distributed to their respective institutions.

      ***d. The number of inmates who concluded their course of DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was concluded) during the reporting period***

Since January 29, 2021, 21 inmates on Epclusa have completed their DAA treatment. In addition, 6 additional inmates on Epclusa are due to complete treatment by April 29, 2021. The attached spreadsheet shows dates of the DAA treatment concluded. Exhibit B.

      ***e. The number of inmates who obtained SVR (cure) after completion of DAA treatment during the reporting period***

Between January 29, 2021 and April 22, 2021, 0 inmates have obtained SVR. Per Infectious Disease Society of America (https://www.hcvguidelines.org/), SVR is measured 12 weeks post treatment. 5 inmates will be due to be drawn between April 24, 2021 to April 28, 2021, but the results of those draws are not yet available as of the date of this report.

      ***f. The number of inmates who were tested after receiving DAA treatment but did not obtain SVR (cure) after completion of DAA treatment during the reporting period***

Between January 29, 2021 to April 22, 2021, 0 inmates have been identified to have obtained SVR. Per Infectious Disease Society of America (https://www.hcvguidelines.org/), SVR is measured 12 weeks post treatment. 5 inmates will be due to be drawn between April 24, 2021 to April 28, 2021, but the results of those draws are not yet available as of the date of this report.

*g.* ***The number of inmates for whom DAA Treatment was denied or delayed (with information and explanations for each denial/delay) during the reporting period.***

As of April 22, 2021, no inmates have been denied treatment, however, 15 inmates seen by Hopes clinic require further work ups and 1 inmate has had additional labs and ultrasound sent to Hopes clinic pending review and recommendations;

Of the 15 inmates who require further work up:
- 1 inmate needs to wean off Dilantin with the institutional provider due to contraindications with HCV treatment,
- 2 inmates who were referred to a gastroenterologist for suspected liver cancer (both already scheduled),
- 2 inmates who were referred to have a CT/MRI of the liver (both already scheduled),
- 10 inmates, seen by Hopes clinic, required additional serologic testing and follow up with Hopes clinic to discuss results prior to initiating treatment.

**V.    HCV COMMITTEE MEETINGS AND MINUTES**

Under Medical Directive 219, as incorporated into the Consent Decree, "NDOC will maintain an HCV Committee which shall consist of the Medical Director or designee and at least two (2) institutional practitioners. The HCV Committee shall meet at least once per month." MD 219.02(d) (ECF No. 61-1).

The HCV Committee has met on February 3, 2021, March 3, 2021 and April 7, 2021. Copies of the agendas for February 3, 2021, March 3, 2021 and April 7, 2021 are attached. Exhibit C. Minutes from the February 3, 2021, March 3, 2021 and April 7, 2021 are attached. Exhibit D. These minutes reflect approval of all inmates who were considered for treatment.

///

///

///

///

///

///

///

///

## VI.     UPCOMING DEADLINES FOR THE NEXT QUARTER

Paragraph 36 of the Consent Decree provides that by April 29, 2021, Defendants "will provide DAA Treatment to all inmates who are prioritized as Priority One, as that term is further defined and described in MD 219, so long as there is no medical contraindication as set forth in MD 219." (ECF No. 80). Based on current information, there are 168 inmates who have been prioritized as Priority One and Defendants are on track for providing DAA Treatment to all of these 168 inmates by April 29, 2021. However, as further testing is completed and more inmates are identified as priority one, they will need to be treated. These later identified inmates that are subsequently categorized as priority one cannot be treated by the April 29, 2021 deadline because there will not be enough time between their identification and the start of treatment. Therefore, the Defendants will seek to provide DAA Treatment to all Priority One inmates within six months of their identification and prioritization.

Additionally, the Defendants have also begun treating Priority Two inmates in anticipation of meeting the one-year treatment deadline for the treatment of all HCV positive inmates that have not refused treatment.

Dated April 29, 2021.

AARON D. FORD, Attorney General
*/s/ D. Randall Gilmer*
D. Randall Gilmer (NSBN 14001)
555 E. Washington St., Ste. 2600
Las Vegas, Nevada 89101
(702) 486-3427
drgilmer@ag.nv.gov
Douglas R. Rands (NSBN 3572)
100 N. Carson Street
Carson City, Nevada 89701
(775) 684-1150
drands@ag.nv.gov

*Attorneys for Defendants*

6

1

2

<u>**INDEX OF EXHIBITS**</u>

3

4

| EXHIBIT | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| A | Tested Spreadsheet | 24 |
| B | Treatment Status Spreadsheet | 4 |
| C | Meeting Agendas | 3 |
| D | Meeting Minutes | 4 |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 29th day of April, 2021, I caused to be served, a true and correct copy of the foregoing, **QUARTERLY REPORT**, by U.S. District Court CM/ECF Electronic Filing on the following:

Adam Hosmer-Henner, Esq.
Philip Mannelly, Esq.
Chelsea Latino, Esq.
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV  89501
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Margaret A. McLetchie, Esq.
Alina Shell, Esq.
MCLETCHIE LAW
701 E. Bridger Ave., Suite 520
Las Vegas, NV  89101
maggie@nvlitigation.com
alina@nvlitigation.com

*Attorneys for Plaintiff*

/s/ Roberta W. Bibee
An employee of the
Office of the Attorney General