1  Adam Hosmer-Henner (NSBN 12779)
   Philip Mannelly (NSBN 14236)
2  Chelsea Latino (NSBN 14227)
   McDONALD CARANO LLP
3  100 W. Liberty Street, Tenth Floor
   Reno, NV 89501
4  (775) 788-2000
   ahosmerhenner@mcdonaldcarano.com
5  pmannelly@mcdonaldcarano.com
   clatino@mcdonaldcarano.com
6
   Margaret A. McLetchie (NSBN 10931)
7  Alina Shell (NSBN 11711)
   McLETCHIE LAW
8  701 E. Bridger Ave., Suite 520
   Las Vegas, NV 89101
9  (702) 728-5300
   maggie@nvlitigation.com
10 alina@nvlitigation.com

11 *Class Counsel*

12

13                    **UNITED STATES DISTRICT COURT**

14                          **DISTRICT OF NEVADA**

                                  **\* \* \* \* \***

15
   IN RE: HCV PRISON LITIGATION          Case No:  3:19-cv-00577-MMD-CLB
16

17                                         **STATUS REPORT**

18

19

20        Class Counsel submits this Status Report pursuant to the Court's June 2, 2021 Minute

21 Order (ECF No. 91), which directed the parties to confer on: "1) communication with inmates

22 regarding the availability of HCV testing and 2) verification of known instances of HCV due to

23 concerns about potential discrepancy." *Id.*

24                 **MEMORANDUM OF POINTS AND AUTHORITIES**

25 **I.    INTRODUCTION**

26        Class Counsel have attempted on multiple occasions since June 2, 2021 to communicate

27 with Defendants' counsel on the issues raised in Class Counsel's Response to Status Report (ECF

28 No. 88) and during the hearing on June 2, 2021 (ECF No. 91), but only received a substantive

1    response on the afternoon of June 28, 2021. Accordingly, while it does appear that progress is

2    being made and that there is broad agreement on many items, Class Counsel have not had sufficient

3    opportunity to assess the efforts of Defendants.

4    **II.    TESTING**

5           Based on correspondence with Defendants' counsel on June 28, 2021, Class Counsel

6    understands that Defendants have agreed to provide suggested literature from the CDC to inmates

7    during their initial opportunity to be tested for HCV as well as to those inmates who have already

8    opted-out from HCV testing. The latter category will also be provided with a second opportunity

9    to receive HCV testing. Class Counsel would like to review the actual literature that will be

10   provided to the inmates as well as to review the procedure for the second round of testing.

11          Class Counsel is still waiting for a response as to whether Defendants will be able to

12   provide additional training and education on HCV via group education, closed circuit television,

13   or other means.

14   **III.   INCIDENCE OF HCV**

15          On June 2, 2021, Class Counsel wrote to Defendants' counsel: "One suggestion – the most

16   efficient way to approach this issue may be to identify the inmates who tested positive for HCV

17   antibodies but who did not receive confirmation of an HCV infection via further PCR testing. If

18   this number is around ~400-500 then it may explain most of the discrepancy." It appears that this

19   hypothesis has been supported by Defendants' data, but further confirmation and analysis is

20   necessary. If the incidence of HCV is lower than anticipated, as it appears to be, than the deadlines

21   of the Consent Decree should be more readily satisfied by Defendants and the operative provisions

22   to accelerate treatment should go into effect earlier.  (ECF No. 80, ¶ 38) (requiring Defendants to

23   "provide DAA treatment to Class Members within NDOC's custody at a rate that, at a minimum,

24   exceeds the HCV infection rate of new inmates who test HCV positive, or who are confirmed to

25   be HCV positive during the intake process.)

26   //

27   //

28   //

## IV.    TREATMENT

The deadlines in the Consent Decree are fixed and Defendants continue to express optimism that these deadlines will be satisfied. Given the lower than anticipated incidence of HCV, it is increasingly likely that Defendants will be able to satisfy these deadlines on a timely basis. First though, Class Counsel would like to clarify the definition of "treatment" to avoid misunderstandings as to what constitutes compliance. The Consent Decree defines "DAA" as "direct-acting antiviral medications" and establishes deadlines for the provision of "DAA treatment" to the class members. (ECF No. 80, ¶ 19, 37, 38). Accordingly, Class Counsel believe that the deadlines are satisfied only when the class members are actually receiving the "direct-acting antiviral medications" in that they have received and taken the first dose. Approval for the medication, scheduling of further lab tests, or other potential bottlenecks should not qualify as DAA treatment.

Second, an item of dispute between the sides was the necessity, or lack thereof, of prioritizing inmates with HCV. While the Consent Decree permits prioritization, any harm of prioritization was mitigated by the quantitative requirements for the number of inmates who must receive DAA treatment by certain dates. Given the low incidence of HCV (which means that all priorities should receive treatment in 2021) and the rapidly approaching deadlines, Class Counsel believe that any non-essential procedures for prioritization should be suspended in order to accelerate the provision of DAA treatment. For example, inmates are still being scheduled for Fibrosure analysis and fibrosis staging even though these tests do not appear to be necessary for inmates who have already been confirmed to have a viral load. Accordingly, Class Counsel would like Defendants to suspend any prioritization procedures that are not medically indicated prior to receiving approval for DAA treatment.

//

//

//

//

//

3

1    **V.      CONCLUSION**

2            Class Counsel will attempt to review information provided by Defendants on June 28,

3    2021 and provide further analysis and input during the status hearing on June 29, 2021.

4

5

6            Dated June 28, 2021.

7                                                        McDONALD CARANO LLP

8                                                          */s/ Adam Hosmer-Henner*
9                                                        Adam Hosmer-Henner, Esq. (NSBN 12779)
                                                         Philp Mannelly, Esq. (NSBN 14236)
10                                                       Chelsea Latino, Esq. (NSBN 14227)
                                                         100 W. Liberty Street, Tenth Floor
11                                                       Reno, NV 89501
                                                         (775) 788-2000
12                                                       ahosmerhenner@mcdonaldcarano.com
                                                         pmannelly@mcdonaldcarano.com
13                                                       clatino@mcdonaldcarano.com

14
                                                         Margaret A. McLetchie (NSBN 10931)
15                                                       Alina Shell (NSBN 11711)
                                                         McCLETCHIE LAW
16                                                       701 E. Bridger Ave., Suite 520
                                                         Las Vegas, NV 89101
17                                                       (702) 728-5300
                                                         maggie@nvlitigation.com
18                                                       alina@nvlitigation.com

19
                                                         *Attorneys for Plaintiffs*
20

21

22

23

24

25

26

27

28