AARON D. FORD
  Attorney General
D. Randall Gilmer, Bar No. 14001
  Chief Deputy Attorney General
Douglas R. Rands, Bar No. 3572
  Senior Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
(775) 684-1150
(775) 684-1108 (fax)
drands@ag.nv.gov
drgilmer@ag.nv.gov

*Attorneys for the*
*Nevada Department of Corrections*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| IN RE: HCV PRISON LITIGATION | Case No: 3:19-cv-00577-MMD-CLB |
|---|---|
| | **DEFENDANTS' STATUS REPORT** |

Pursuant to this Court's Order (ECF No. 112) and the Consent Judgment (ECF No. 80) (referred to as "Consent Judgment" or "Consent Decree"), the Defendants submit this status report regarding Plaintiff's Response to Quarterly Report. (ECF No. 111)

**1. Updated Educational Information.**

The updated medical information was provided to the institutions by Medical Director Michael Minev on June 25, 2021. The institutions were instructed to provide this information to all new intake, and to make it available to all inmates, particularly those who had previously opted out of testing and treatment.

**2. Updated Refusal Information.**

As the Plaintiffs set forth in the Response, supra, "Of the approximately 927 inmates who have refused testing though, there are approximately 11 who signed two refusals prior to March

24, 2021 during which time the educational information about HCV was inadequate. Thus, these 11 individuals should be provided with the revised educational information and be provided with a meaningful opportunity to accept testing for HCV. There are a further 202 inmates who signed two refusals and the latter of the refusals was signed on or after June 28, 2021. An additional 52 inmates only signed one refusal, but which was after June 28, 2021. If Defendants can confirm that this date was after the provision of revised educational information, then no further action appears to be warranted for these individuals." The date was June 25, 2021. Therefore, these inmates have, presumably given their informed consent to refuse. Many of the remaining inmates have been given the information, and refused, but the refusal was not documented. Counsel has instructed the NDOC to ensure that all inmates had a first, second or third opportunity to receive testing. This information and verification will be provided in the next quarterly report.

**3.     The Inmates Who Refused Testing, or Treatment Continue to be Offered Testing or Treatment.**

The inmates will be offered treatment or testing. As set forth above, the NDOC will document an acceptance of treatment, or a continued, informed refusal on the inmates who qualify, medically, for treatment.

**4.     Additional Responses to Requests by Plaintiff's Counsel.**

There was some confusion expressed by Counsel regarding the refusal reports. Plaintiff noted that there are one or two refusals logged, and others have a date, but a blank refusal date. On sheet 2, there are several blank refusal dates, but there is a date logged. According to the NDOC coordinator, this means NDOC has a refusal form, but the coordinator didn't have the time to manual type out the actual date of refusal because there were a lot of refusals in one file. So in order for him to pull a specific refusal he documented the date he logged the refusal and put that date on the title of the file itself. So for example:

Sheet 2 ROW 20 – [Inmate redacted] it has a blank refusal date but a logged date of 2/3/21. He would then look in the WSCC refusal folder for a file received from WSCC on 2/3/21. There are 89 pages in that file. He would review that file and find [Inmate's] refusal from 3/13/20.

///

2

Sheet 2 ROW 24 – [Inmate redacted], also a blank refusal date but logged date of 2/3/21. Again he would look in the same file from WSCC logged on 2/3/21 and find [Inmate's] refusal from 2/18/20.

For the next quarterly report, NDOC will endeavor to update this information, also.

**5.  Inmates Released Prior to Treatment, or Prior to Completing Treatment.**

Plaintiff's counsel expressed concerns about inmates released prior to beginning treatment. It would not be appropriate to delay release of a prisoner to treat them for HCV. It is unlikely that an inmate would agree to stay in prison longer, to receive medical treatment.

As to the 28 inmates with HCV, who were released before treatment could be completed, parole dates are notoriously fluid. NDOC takes parole expectation date as the date in which NDOC calculates that the inmate does not have enough time left (84 days) to complete treatment. However, parole dates are not readily available and come up unexpectedly. There were cases, where inmates were suddenly granted parole, or a parole plan is approved and inmate is paroled mid treatment. Even for some inmates NDOC knew that parole was granted, medical had advised the staff at the institution to discuss it with the inmate first if they want to refuse and seek treatment outside where they can be treated without interruption or medical would treat if they consented to taking that risk. This was done because even though parole was granted, we have experienced inmates who were granted parole but could not get their parole plan approved and ended up staying. NDOC did not want to be caught not treating an inmate because parole was granted, the inmate ended up having their parole plan rejected, not leaving and now they are untreated and still in custody without treatment. Therefore, there were a few instances where inmates were released mid treatment. Again, very few inmates would want to remain to complete their treatment. However, they were counseled to seek treatment on the outside, to complete the treatment.

///

///

///

///

**6.     New Inmates Who Test Positive.**

It is the intention of the NDOC to treat new inmates who test positive or inmates who test positive while in the custody of NDOC in an expeditious manner.  The NDOC recognizes that this is a continuing obligation, and intend to operate in good faith to do so.

Dated November 29, 2021.

AARON D. FORD, Attorney General

*/s/ Douglas R. Rands*
D. Randall Gilmer (NSBN 14001)
555 E. Washington St., Ste. 2600
Las Vegas, Nevada 89101
(702) 486-3427
drgilmer@ag.nv.gov
Douglas R. Rands (NSBN 3572)
100 N. Carson Street
Carson City, Nevada 89701
(775) 684-1150
drands@ag.nv.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 29th day of November, 2021, I caused to be served, a true and correct copy of the foregoing, **DEFENDANTS' STATUS REPORT** , by U.S. District Court CM/ECF Electronic Filing on the following:

Adam Hosmer-Henner, Esq.
Philip Mannelly, Esq.
Chelsea Latino, Esq.
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV  89501
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Margaret A. McLetchie, Esq.
MCLETCHIE LAW
701 E. Bridger Avenue, Suite 520
Las Vegas, NV 89101
maggie@nvlitigation.com

*Class Counsel*

　　　　　　　　　　　　　　　　　　　　*/s/ Roberta W. Bibee*
　　　　　　　　　　　　　　　　　　　　An employee of the
　　　　　　　　　　　　　　　　　　　　Office of the Attorney General