AARON D. FORD
  Attorney General
D. Randall Gilmer, Bar No. 14001
  Chief Deputy Attorney General
Douglas R. Rands, Bar No. 3572
  Senior Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
(775) 684-1150
(775) 684-1108 (fax)
drands@ag.nv.gov
drgilmer@ag.nv.gov

*Attorneys for the*
*Nevada Department of Corrections*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| IN RE: HCV PRISON LITIGATION | Case No: 3:19-cv-00577-MMD-CLB |
|---|---|
| | **JOINT QUARTERLY REPORT** |

Pursuant to this Court's Order (ECF No. 79) and the Consent Judgment (ECF No. 80) (referred to as "Consent Judgment" or "Consent Decree"), Defendants and Class Counsel submit this Joint Quarterly Report ("Report") as part of their ongoing monitoring obligations. This Report does not request relief or other intervention by the Court as the terms of the Consent Judgment have been properly carried out to date.

///

///

///

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Parties believe the consent decree is being followed as envisioned and that there are no issues that require the Court's intervention at this time. NDOC believes that it is on track to meet the second-year treatment goal contemplated by the consent decree. ECF No. 80 ¶ 37.

The monitoring information provided by Defendants to Class Counsel includes confidential information that would merit protection under the Protective Order (ECF No. 43) and the Consent Decree (ECF No. 80). The Parties have prepared and attached redacted versions of these documents to this Report and believe that this is appropriate under the above documents and LR IC 6-1. Class Counsel have received unredacted versions of the documents, but do not need to make these documents part of the court record, requiring filing under seal, unless the Court disagrees.

For this reporting period, the Parties can represent that the fundamental aspects of the Consent Decree are in place and are operating as envisioned given the significant constraints that COVID imposes on the ability for Hepatitis C clinics to be held. There are no issues that the Parties believe require the Court's intervention at this time.

Class Counsel would like to raise an issue for the Court that will then be addressed next quarter. Class Counsel is concerned that NDOC will continue to delay treatment until the end of the year and will not provide treatment on a timely basis. For example, while 96 inmates tested positive this quarter, only 3 inmates began treatment. This may be a function of NDOC's push to treat sufficient numbers by October 2021, but unless ~96 inmates begin treatment in the next quarter, Class Counsel will request a modification of the Consent Decree to prevent this conduct by NDOC. The Parties have agreed to meet and confer on this issue.

## II. REVISED DOCUMENTS

Paragraph 29 of the Consent Decree requires Defendants "to adopt and follow the revised version of MD 219 . . . and the revised version of the HCV Consent Agreement." (ECF No. 80). Defendants have adopted these documents (Medical Directive 219 and Medical Division Form DOC 2730) as of October 29, 2020 and these documents, along with the Consent Decree were provided "to all

officers, employees, physicians, and agents whose duties might reasonably include compliance with any provision of this Consent Decree." Consent Decree, ¶ 28 (ECF No. 80).

**III.    TESTING AND TREATMENT**

Paragraph 32 of the Consent Decree requires Defendants to "test all inmates in the custody of NDOC for HCV by December 31, 2020." (ECF No. 80). This has been accomplished by Defendants, except for some inmates who are currently in the intake process and others who have recently returned to Nevada from out-of-state facilities. Inmates in these categories are in line to be tested and will be tested on an ongoing basis.

Paragraph 34 of the Consent Decree requires Defendants to "screen and prioritize all Class Members using the criteria in the revised version of MD 219." (ECF No. 80). This has been accomplished by Defendants, again except for inmates who are currently in the intake process or who have recently returned to Nevada from out-of-state facilities. Inmates in these categories will be prioritized on an ongoing basis.

**IV.**    Class Counsel's position on the standard of care is the same as Defendants, and Class Counsel has not identified any changes to the medical standard of care for HCV that would warrant alterations of the Consent Decree. The HCV Guidelines of the AASLD and the IDSA were last updated on September 29, 2021, and continue to recommend direct-acting antiviral treatment. https://www.hcvguidelines.org. Based on these latest updates, which primarily include a switch for elbasvir/grazoprevir (not currently used by Defendants) from a recommended regiment to an alternative regimen for certain genotypes, no additional changes are necessary to MD 219.**ONGOING MONITORING**

Paragraph 40 of the Consent Decree (ECF No. 80) requires Defendants to provide information for the following categories:

   *a.    The number of inmates tested/screened during the reporting period*

   Between November 1, 2021 to January 27, 2022, 1220 inmates were tested for HCV. This is a combination of intakes and inmates who previously refused and recently consented to be tested. The attached spreadsheet contains more details. Exhibit A.

   *b.    The number of inmates who tested positive for HCV during the reporting period (including the date on which each inmate tested positive for HCV)*

3

Between November 1, 2021 to January 27, 2022 96 inmates tested positive for HCV. The attached spreadsheet includes information on the date of each positive test. The attached spreadsheet contains more details Exhibit B.

  *c.  The number of inmates who began receiving DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was initiated) during the reporting period*

From November 1, 2021, to January 27, 2022, 3 inmates started taking medications. There have been multiple clinics that needed to be rescheduled to a later date due to an increased number of COVID cases in the prison population which has caused multiple lockdowns in multiple facilities and units. However, Hepatitis C clinics have restarted as of January 21, 2022 and we are currently waiting for the specialist to send NDOC notes and orders to begin more treatments. The attached spreadsheet contains more details.  Exhibit C.

  *d.  The number of inmates who concluded their course of DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was concluded) during the reporting period*

From November 1, 2021 to January 27, 2022, 287 inmates concluded their course of DAA treatment while in NDOC custody. In addition, 30 inmates would have concluded DAA treatment between those dates, but they were released and/or paroled mid-treatment. As a result, NDOC cannot confirm that those inmates completed their treatment. The attached spreadsheet contains more details. Exhibit D.

  *e.  The number of inmates who obtained SVR (cure) after completion of DAA treatment during the reporting period*

From November 1, 2021 to January 27, 2022, 59 inmates have obtained SVR after completion of DAA treatment. Exhibit E.

  *f.  The number of inmates who were tested after receiving DAA treatment but did not obtain SVR (cure) after completion of DAA treatment during the reporting period*

///

///

From November 1, 2021 to January 27, 2022, 1 inmate did not obtain SVR after completing DAA treatment. That inmate was scheduled to see an infectious disease specialist on January 26, 2022. The attached spreadsheet contains more details, Exhibit E.

    *g.*    ***The number of inmates for whom DAA Treatment was denied or delayed (with information and explanations for each denial/delay) during the reporting period.***

From November 1, 2021 to January 27, 2022, 19 inmates were not treated due for the following:

-9 inmates were released;
-6 refused treatment;
-3 are within 90 days of release;
-1 was seen by an infectious disease specialist with Hopes Clinic and the specialist does not recommend treatment at this time.

The attached spreadsheet contains more details, Exhibit F.

**V.     HCV COMMITTEE MEETINGS AND MINUTES**

Under Medical Directive 219, as incorporated into the Consent Decree, "NDOC will maintain an HCV Committee which shall consist of the Medical Director or designee and at least two (2) institutional practitioners. The HCV Committee shall meet at least once per month." MD 219.02(d) (ECF No. 61-1).

The HCV Committee has met on November 3, 2021, December 1, 2021 and January 12, 2022. Copies of the agendas for November 3, 2021, December 1, 2021 and January 12, 2022 are attached. Exhibit G. Minutes from the November 3, 2021, December 1, 2021 and January 12, 2022 are attached. Exhibit D. represent that these minutes reflect approval of all inmates who were considered for treatment.

///
///
///
///
///
///
///

**VI.     UPCOMING DEADLINES FOR THE NEXT QUARTER**

There are no deadlines contemplated during the upcoming quarter. Indeed, because the first calendar year has passed, the deadlines are based upon a yearly treatment goal instead of a quarterly triage type goal.

Dated February 11, 2022.

McDONALD CARANO LLP
   */s/ Adam Hosmer-Henner*
Adam Hosmer-Henner, Esq. (NSBN 12779)
Philp Mannelly, Esq. (NSBN 14236)
Chelsea Latino, Esq. (NSBN 14227)
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Maggie McLetchie (NSBN 10931)
MCLETCHIE LAW
701 E. Bridger Ave., Suite 520
Las Vegas, NV 89101
(702) 728-5300
maggie@nvlitigation.com
alina@nvlitigation.com

*Attorneys for Plaintiffs*

AARON D. FORD, Attorney General
  */s/ Douglas R. Rands*
D. Randall Gilmer (NSBN 14001)
555 E. Washington St., Ste. 2600
Las Vegas, Nevada 89101
(702) 486-3427
drgilmer@ag.nv.gov
Douglas R. Rands (NSBN 3572)
100 N. Carson Street
Carson City, Nevada 89701
(775) 684-1150
drands@ag.nv.gov

*Attorneys for Defendants*

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| A | Tested | 15 |
| B | Positive | 3 |
| C | Med Start | 1 |
| D | Treatment Completed | 4 |
| E | SVR | 2 |
| F | Denied-Delayed | 1 |
| G | Consent Agenda | 4 |
| H | Meeting Minutes | 3 |

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 11th day of February, 2022, I caused to be served a copy of the foregoing, **JOINT QUARTERLY REPORT**, by U.S. District Court CM/ECF Electronic Filing to:

Adam Hosmer-Henner, Esq.
Philip Mannelly, Esq.
Chelsea Latino, Esq.
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV  89501
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Margaret A. McLetchie, Esq.
Alina Shell, Esq.
MCLETCHIE LAW
602 South Tenth Street
Las Vegas, NV  89101
maggie@nvlitigation.com
alina@nvlitigation.com

*Attorneys for Class*

                                                                      */s/ Connie L. Fondi*
                                                                       An employee of the
                                                                       Office of the Attorney General