AARON D. FORD
  Attorney General
D. Randall Gilmer, Bar No. 14001
  Chief Deputy Attorney General
Douglas R. Rands, Bar No. 3572
  Senior Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
(775) 684-1150
(775) 684-1108 (fax)
drands@ag.nv.gov
drgilmer@ag.nv.gov

*Attorneys for the*
*Nevada Department of Corrections*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| | |
|---|---|
| IN RE: HCV PRISON LITIGATION | Case No: 3:19-cv-00577-MMD-CLB |
| | **JOINT QUARTERLY REPORT** |

Pursuant to this Court's Order (ECF No. 79) and the Consent Judgment (ECF No. 80) (referred to as "Consent Judgment" or "Consent Decree"), Defendants and Class Counsel submit this Joint Quarterly Report ("Report") as part of their ongoing monitoring obligations. This Report does not request relief or other intervention by the Court at this time.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Parties believe the consent decree is being followed as envisioned and that there are no issues that require the Court's intervention at this time. That being said, Class Counsel has expressed concerns over the rate of treatment last year versus this year and the issue is that NDOC has parted ways with many internal providers who were providing HCV treatment. As a result, NDOC has had to rely more on external care providers which takes additional time to schedule and facilitate and therefore the rate of treatment this year is not comparable to last year.

NDOC has scheduled more Hepatitis C clinics, but the status of COVID quarantines and isolation in large part will drive when the clinics are held. Nonetheless, NDOC believes that it is still on track to meet the second-year treatment goal contemplated by the consent decree.

The monitoring information provided by Defendants to Class Counsel includes confidential information that would merit protection under the Protective Order (ECF No. 43) and the Consent Decree (ECF No. 80). The Parties have prepared and attached redacted versions of these documents to this Report and believe that this is appropriate under the above documents and LR IC 6-1. Class Counsel have received unredacted versions of the documents, but do not need to make these documents part of the court record, requiring filing under seal, unless the Court disagrees.

For this reporting period, the Parties can represent that the fundamental aspects of the Consent Decree are in place and are operating as envisioned given the significant constraints that COVID imposes on the ability for Hepatitis C clinics to be held. Class Counsel continues to be of the position that COVID is not an excuse for noncompliance with the Consent Decree. There are no issues that the Parties believe require the Court's intervention at this time.

## II. REVISED DOCUMENTS

Paragraph 29 of the Consent Decree requires Defendants "to adopt and follow the revised version of MD 219 . . . and the revised version of the HCV Consent Agreement." (ECF No. 80). Defendants have adopted these documents (Medical Directive 219 and Medical Division Form DOC 2730) as of October 29, 2020 and these documents, along with the Consent Decree were provided "to all officers, employees, physicians, and agents whose duties might reasonably include compliance with any provision of this Consent Decree." Consent Decree, ¶ 28 (ECF No. 80).

## III. TESTING AND TREATMENT

Paragraph 32 of the Consent Decree requires Defendants to "test all inmates in the custody of NDOC for HCV by December 31, 2020." (ECF No. 80). This has been accomplished by Defendants, except for some inmates who are currently in the intake process and others who have recently returned to Nevada from out-of-state facilities. Inmates in these categories are in line to be tested and will be tested on an ongoing basis.

Paragraph 34 of the Consent Decree requires Defendants to "screen and prioritize all Class Members using the criteria in the revised version of MD 219." (ECF No. 80). This has been accomplished by Defendants, again except for inmates who are currently in the intake process or who have recently returned to Nevada from out-of-state facilities. Defendants are no longer prioritizing or sequencing inmates for HCV treatment, which is a positive change that Class Counsel agrees with.

Class Counsel has also expressed concerns that as class members move in and out of custody they may not be provided with treatment in all circumstances when the timing would be feasible. Class Counsel has examined the data and identified 11 inmates who were not treated because they were scheduled to release prior to October 2021 prior to receiving a full course of treatment, but then who had returned to NDOC custody by April 2021. This is permissible under the Consent Decree, but Class Counsel continue to monitor for situations like this where delays in treatment could result in no treatment for potentially eligible class members.

The Parties have investigated but not identified any changes to the medical standard of care for HCV that would warrant alterations of the Consent Decree. The HCV Guidelines of the AASLD and the IDSA were updated on September 29, 2021 and continue to recommend direct-acting antiviral treatment. https://www.hcvguidelines.org.

**IV.    ONGOING MONITORING**

Paragraph 40 of the Consent Decree (ECF No. 80) requires Defendants to provide information for the following categories:

   *a. The number of inmates tested/screened during the reporting period*

Between January 28, 2022 to April 28, 2022, 1,041 inmates were tested for Hepatitis C. See attached spreadsheet "#1 HCV Tested" tab for dates of tests. Exhibit A.

   *b. The number of inmates who tested positive for HCV during the reporting period (including the date on which each inmate tested positive for HCV)*

Between January 28, 2022 to April 28, 2022, 94 inmates tested positive for Hepatitis C. See attached spreadsheet "#2 HCV Positive" tab for dates of positive tests. Exhibit B.

    ***c. The number of inmates who began receiving DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was initiated) during the reporting period***

Between January 28, 2022 to April 28, 2022, 42 inmates started DAA treatment. See attached spreadsheet "#3 Treatment Started" tab for dates and treatment names. Exhibit C.

    ***d. The number of inmates who concluded their course of DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was concluded) during the reporting period***

Between January 28, 2022 to April 28, 2022, 73 inmates concluded their course of DAA treatment in custody. See attached spreadsheet "#4 Treatment Completed" tab for dates and treatment names. Exhibit D.

    ***e. The number of inmates who obtained SVR (cure) after completion of DAA treatment during the reporting period***

Between January 28, 2022 to April 28, 2022, 246 inmates were confirmed in custody to have obtained SVR after completion of DAA treatment. Exhibit E.

    ***f. The number of inmates who were tested after receiving DAA treatment but did not obtain SVR (cure) after completion of DAA treatment during the reporting period***

Between January 28, 2022 to April 28, 2022, 4 inmates were confirmed in custody to have NOT obtained SVR after completion of DAA treatment. Exhibit E.

    ***g. The number of inmates for whom DAA Treatment was denied or delayed (with information and explanations for each denial/delay) during the reporting period.***

Between January 28, 2022 to April 28, 2022, 19 inmates were released, 10 inmates currently still in custody have release dates less than 84 days and 8 inmates cannot be treated at this time pending further imaging/specialty evaluation as recommended by the infectious disease specialist from the Hopes clinic. See attached spreadsheet "#7 Delayed or Denied" tab for more detail. Exhibit F.

///

///

## V. HCV COMMITTEE MEETINGS AND MINUTES

Under Medical Directive 219, as incorporated into the Consent Decree, "NDOC will maintain an HCV Committee which shall consist of the Medical Director or designee and at least two (2) institutional practitioners. The HCV Committee shall meet at least once per month." MD 219.02(d) (ECF No. 61-1).

The HCV Committee has met on February 2, 2022, March 2, 2022 and April 6, 2022. Copies of the agendas for February 2, 2022, March 2, 2022 and April 6, 2022 are attached. Exhibit G. Minutes from the February 2, 2022, March 2, 2022 and April 6, 2022 are attached. Exhibit H. Defendants represent that these minutes reflect approval of all inmates who were considered for treatment.

## VI. UPCOMING DEADLINES FOR THE NEXT QUARTER

There are no deadlines contemplated during the upcoming quarter. Indeed, because the first calendar year has passed, the deadlines are based upon a yearly treatment goal instead of a quarterly triage type goal. As a result, Defendants respectfully request to do away with the reporting requirement of quarterly deadlines. Class Counsel wish to maintain quarterly reports because NDOC is not expected to satisfy the quantitative requirements in the Consent Decree, so unless changes are made to the Consent Decree then there needs to be more oversight rather than less in order to ensure that treatment is timely provided.

Dated May 13, 2022.

5

| | |
|---|---|
| McDONALD CARANO LLP<br>*/s/ Adam Hosmer-Henner*<br>Adam Hosmer-Henner, Esq. (NSBN 12779)<br>Philp Mannelly, Esq. (NSBN 14236)<br>Chelsea Latino, Esq. (NSBN 14227)<br>100 W. Liberty Street, Tenth Floor<br>Reno, NV 89501<br>(775) 788-2000<br>ahosmerhenner@mcdonaldcarano.com<br>pmannelly@mcdonaldcarano.com<br>clatino@mcdonaldcarano.com<br><br>Maggie McLetchie (NSBN 10931)<br>Alina Shell (NSBN 11711)<br>McCLETCHIE LAW<br>701 E. Bridger Ave., Suite 520<br>Las Vegas, NV 89101<br>(702) 728-5300<br>maggie@nvlitigation.com<br>alina@nvlitigation.com<br><br>*Attorneys for Plaintiffs* | AARON D. FORD, Attorney General<br>*/s/ D. Randall Gilmer*<br>D. Randall Gilmer (NSBN 14001)<br>555 E. Washington St., Ste. 2600<br>Las Vegas, Nevada 89101<br>(702) 486-3427<br>drgilmer@ag.nv.gov<br>Douglas R. Rands (NSBN 3572)<br>100 N. Carson Street<br>Carson City, Nevada 89701<br>(775) 684-1150<br>drands@ag.nv.gov<br><br>*Attorneys for Defendants* |

6

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| A | # 1 HCV Tested | 21 |
| B | # 2 HCV Positive | 2 |
| C | #3 Treatment Started | 1 |
| D | #4 Treatment Completed | 2 |
| E | Obtained SVR | 8 |
| F | #7 Delayed or Denied | 1 |
| G | Consent Agenda | 4 |
| H | Meeting Minutes | 3 |