AARON D. FORD
 Attorney General
D. Randall Gilmer, Bar No. 14001
 Chief Deputy Attorney General
Douglas R. Rands, Bar No. 3572
 Senior Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
(775) 684-1150
(775) 684-1108 (fax)
drands@ag.nv.gov
drgilmer@ag.nv.gov

*Attorneys for the
Nevada Department of Corrections*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| IN RE: HCV PRISON LITIGATION | Case No: 3:19-cv-00577-MMD-CLB |
|---|---|
|  | **JOINT QUARTERLY REPORT** |

Pursuant to this Court's Order (ECF No. 79) and the Consent Judgment (ECF No. 80) (referred to as "Consent Judgment" or "Consent Decree"), Defendants and Class Counsel submit this Joint Quarterly Report ("Report") as part of their ongoing monitoring obligations. This Report does not request relief or other intervention by the Court at this time.

///

///

///

///

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Parties believe the consent decree is being followed as envisioned and that there are no issues that require the Court's intervention at this time. The Parties also do not believe that a status check is required this quarter.

The monitoring information provided by Defendants to Class Counsel includes confidential information that would merit protection under the Protective Order (ECF No. 43) and the Consent Decree (ECF No. 80). The Parties have prepared and attached redacted versions of these documents to this Report and believe that this is appropriate under the above documents and LR IC 6-1. Class Counsel have received unredacted versions of the documents, but do not need to make these documents part of the court record, requiring filing under seal, unless the Court disagrees.

For this reporting period, the Parties can represent that the fundamental aspects of the Consent Decree are in place and are operating as envisioned. The Consent Decree is functioning to timely and comprehensively provide treatment to inmates in NDOC custody. In the prior quarter, 1023 inmates were tested for Hepatitis C; 60 inmates tested positive; 36 inmates started DAA treatment; and 37 inmates were cured after the completion of their DAA treatment.

## II. TESTING AND TREATMENT

Paragraph 32 of the Consent Decree requires Defendants to "test all inmates in the custody of NDOC for HCV by December 31, 2020." (ECF No. 80). This has been accomplished by Defendants, except for some inmates who are currently in the intake process and others who have recently returned to Nevada from out-of-state facilities. Inmates in these categories are in line to be tested and will be tested on an ongoing basis.

Paragraph 34 of the Consent Decree requires Defendants to "screen and prioritize all Class Members using the criteria in the revised version of MD 219." (ECF No. 80). This has been accomplished by Defendants, again except for inmates who are currently in the intake process or who have recently returned to Nevada from out-of-state facilities. Defendants are no longer

prioritizing or sequencing inmates for HCV treatment, which is a positive change that Class Counsel agrees with.

The Parties have investigated but not identified any changes to the medical standard of care for HCV that would warrant alterations of the Consent Decree. The HCV Guidelines of the AASLD and the IDSA were updated on October 24, 2022 and continue to recommend direct-acting antiviral treatment ("Glecaprevir (300 mg) / pibrentasvir (120 mg) to be taken with food for a duration of 8 weeks; Sofosbuvir (400 mg) / velpatasvir (100 mg) for a duration of 12 weeks"). https://www.hcvguidelines.org; https://www.hcvguidelines.org/treatment-naive/simplified-treatment.

### III.   ONGOING MONITORING

Paragraph 40 of the Consent Decree (ECF No. 80) requires Defendants to provide information for the following categories:

   ***a.  The number of inmates tested/screened during the reporting period***

Between October 29, 2022 to January 29, 2023, 1023 inmates were tested for Hepatitis C. Exhibit A.

   ***b.  The number of inmates who tested positive for HCV during the reporting period (including the date on which each inmate tested positive for HCV)***

Between October 29, 2022 to January 29, 2023, 60 inmates tested positive for Hepatitis C. Please see attached spreadsheet under the tab labeled "POSITIVE" for additional details. Exhibit B.

   ***c.  The number of inmates who began receiving DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was initiated) during the reporting period***

Between October 29, 2022 to January 29, 2023, 36 inmates began receiving DAA treatment for Hepatitis C. Please see attached spreadsheet under the tab labeled "TX Started" for additional details. Exhibit C.

  *d. The number of inmates who concluded their course of DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was concluded) during the reporting period*

Between October 29, 2022 to January 29, 2023, 95 inmates concluded their course of DAA treatment in custody. Please see attached spreadsheet under the tab labeled "TX Ended" for additional details. Exhibit D.

  *e. The number of inmates who obtained SVR (cure) after completion of DAA treatment during the reporting period*

Between October 29, 2022 to January 29, 2023, 37 inmates were verified to have obtained SVR after completion of DAA treatment. Exhibit E.

  *f. The number of inmates who were tested after receiving DAA treatment but did not obtain SVR (cure) after completion of DAA treatment during the reporting period*

Between October 29, 2022 to January 29, 2023, 0 inmates were verified to have NOT obtained SVR after completion of DAA treatment.

  *g. The number of inmates for whom DAA Treatment was denied or delayed (with information and explanations for each denial/delay) during the reporting period.*

Between October 29, 2022 to January 29, 2023, 15 inmates were denied or delayed. Please see attached spreadsheet under the tab labeled "Deny-Delay" for additional details. Four inmates have are being worked up by a gastroenterologist due to complications for treatment (i.e. presence of a liver lesion, Hep B co-infection, previously treatment of failure). Two inmates were seen by an infectious disease specialist and no treatment was ordered because one stated they will parole before treatment would be completed and the other did not believe he has Hepatitis C despite labs and education. Finally, nine offenders were released during that time period before they could start. Exhibit F.

**IV. HCV COMMITTEE MEETINGS AND MINUTES**

Under Medical Directive 219, as incorporated into the Consent Decree, "NDOC will maintain an HCV Committee which shall consist of the Medical Director or designee and at least

4

1  two (2) institutional practitioners. The HCV Committee shall meet at least once per month." MD
2  219.02(d) (ECF No. 61-1).

3  The HCV Committee has met on November 2, 2022, December 7, 2022 and January 4,
4  2023. Copies of the agendas for November 2, 2022, December 7, 2022 and January 4, 2023 are
5  attached. Exhibit G. Minutes from the November 2, 2022, December 7, 2022 and January 4, 2023
6  are attached. Exhibit H. Defendants represent that these minutes reflect approval of all inmates
7  who were considered for treatment.

## V. UPCOMING DEADLINES FOR THE NEXT QUARTER

This coming quarter will mark the second year of monitoring after entry of the Consent Decree. Thus, that the Consent Decree requires that NDOC will provide treatment to "an additional 600 Class Members within the second (12) month period after the Effective Date…," which deadline would fall on January 29, 2023. (ECF No. 80 ¶ 37(b)). While Defendants only have provided treatment to Thirty-Six (36) Class Members as of the date of this Report, this is due to the fact that all possible and medically indicated HCV positive individuals have been treated and therefore there was no remaining to treat during this timeframe.

Dated February 21, 2023.

McDONALD CARANO LLP
 /s/ Adam Hosmer-Henner
Adam Hosmer-Henner, Esq. (NSBN 12779)
Philp Mannelly, Esq. (NSBN 14236)
Chelsea Latino, Esq. (NSBN 14227)
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Maggie McLetchie (NSBN 10931)
Alina Shell (NSBN 11711)
McCLETCHIE LAW
701 E. Bridger Ave., Suite 520
Las Vegas, NV 89101
(702) 728-5300
maggie@nvlitigation.com
alina@nvlitigation.com
*Attorneys for Plaintiffs*

AARON D. FORD, Attorney General
 /s/ D. Randall Gilmer
D. Randall Gilmer (NSBN 14001)
555 E. Washington St., Ste. 2600
Las Vegas, Nevada 89101
(702) 486-3427
drgilmer@ag.nv.gov
Douglas R. Rands (NSBN 3572)
100 N. Carson Street
Carson City, Nevada 89701
(775) 684-1150
drands@ag.nv.gov

*Attorneys for Defendants*

5

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| A | Tested | 26 |
| B | Positive | 2 |
| C | Treatment Started | 2 |
| D | Treatment Ended | 3 |
| E | Obtained SVR | 2 |
| F | Delayed or Denied | 1 |
| G | Consent Agenda | 3 |
| H | Meeting Minutes | 3 |