AARON D. FORD
  Attorney General
D. Randall Gilmer, Bar No. 14001
  Chief Deputy Attorney General
Douglas R. Rands, Bar No. 3572
  Senior Deputy Attorney General
Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
(775) 684-1150
(775) 684-1108 (fax)
drands@ag.nv.gov
drgilmer@ag.nv.gov

*Attorneys for the*
*Nevada Department of Corrections*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| IN RE: HCV PRISON LITIGATION | Case No: 3:19-cv-00577-MMD-CLB |
|---|---|
| | **JOINT QUARTERLY REPORT** |

Pursuant to this Court's Order (ECF No. 79) and the Consent Judgment (ECF No. 80) (referred to as "Consent Judgment" or "Consent Decree"), Defendants and Class Counsel submit this Joint Quarterly Report ("Report") as part of their ongoing monitoring obligations. This Report does not request relief or other intervention by the Court at this time.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

The Parties believe the consent decree is being followed as envisioned and that there are no issues that require the Court's intervention at this time. The Parties also do not believe that a status check is required this quarter.

The monitoring information provided by Defendants to Class Counsel includes confidential information that would merit protection under the Protective Order (ECF No. 43) and the Consent Decree (ECF No. 80). The Parties have prepared and attached redacted versions of these documents

to this Report and believe that this is appropriate under the above documents and LR IC 6-1. Class Counsel have received unredacted versions of the documents, but do not need to make these documents part of the court record, requiring filing under seal, unless the Court disagrees.

For this reporting period, the Parties can represent that the fundamental aspects of the Consent Decree are in place and are operating as envisioned. The Consent Decree is functioning to timely and comprehensively provide treatment to inmates in NDOC custody. In the prior quarter, 1,130 inmates were tested for Hepatitis C; 64 inmates tested positive; 35 inmates started DAA treatment; and 41 inmates were cured after the completion of their DAA treatment.

**II.    TESTING AND TREATMENT**

Paragraph 32 of the Consent Decree requires Defendants to "test all inmates in the custody of NDOC for HCV by December 31, 2020." (ECF No. 80). This has been accomplished by Defendants, except for some inmates who are currently in the intake process and others who have recently returned to Nevada from out-of-state facilities. Inmates in these categories are in line to be tested and will be tested on an ongoing basis.

Paragraph 34 of the Consent Decree requires Defendants to "screen and prioritize all Class Members using the criteria in the revised version of MD 219." (ECF No. 80). This has been accomplished by Defendants, again except for inmates who are currently in the intake process or who have recently returned to Nevada from out-of-state facilities. Defendants are no longer prioritizing or sequencing inmates for HCV treatment, which is a positive change that Class Counsel agrees with.

The Parties have investigated but not identified any changes to the medical standard of care for HCV that would warrant alterations of the Consent Decree. The HCV Guidelines of the AASLD and the IDSA were updated on October 24, 2022 and continue to recommend direct-acting antiviral treatment ("Glecaprevir (300 mg) / pibrentasvir (120 mg) to be taken with food for a duration of 8 weeks; Sofosbuvir (400 mg) / velpatasvir (100 mg) for a duration of 12 weeks").

https://www.hcvguidelines.org; https://www.hcvguidelines.org/treatment-naive/simplified-treatment.

///

///

///

## III. ONGOING MONITORING

Paragraph 40 of the Consent Decree (ECF No. 80) requires Defendants to provide information for the following categories:

    **a.    *The number of inmates tested/screened during the reporting period.***

Between January 29, 2024 to April 29, 2024, 1,267 inmates were tested for Hepatitis C. Exhibit A.

    **b.    *The number of inmates who tested positive for HCV during the reporting period (including the date on which each inmate tested positive for HCV).***

Between January 29, 2024 to April 29, 2024, 62 inmates tested positive for Hepatitis C. Please see attached spreadsheet under the tab labeled "POSITIVE" for additional details. Exhibit B.

    **c.    *The number of inmates who began receiving DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was initiated) during the reporting period.***

Between January 29, 2024 to April 29, 2024, 50 inmates began receiving DAA treatment for Hepatitis C. Please see attached spreadsheet under the tab labeled "TX Started" for additional details. Exhibit C.

    **d.    *The number of inmates who concluded their course of DAA Treatment (with an indication of which type of DAA Treatment was provided and the date on which DAA Treatment was concluded) during the reporting period.***

Between January 29, 2024 to April 29, 2024, 20 inmates concluded their course of DAA treatment in custody. Please see attached spreadsheet under the tab labeled "TX Ended" for additional details. Exhibit D.

    **e.    *The number of inmates who obtained SVR (cure) after completion of DAA treatment during the reporting period.***

Between January 29, 2024 to April 29, 2024, 52 inmates were verified to have obtained SVR after completion of DAA treatment. Exhibit E.

    **f.    *The number of inmates who were tested after receiving DAA treatment but did not obtain SVR (cure) after completion of DAA treatment during the reporting period.***

Between January 29, 2024 to April 29, 2024, 0 inmates were verified to have NOT obtained SVR after completion of DAA treatment. Exhibit F.

> g. *The number of inmates for whom DAA Treatment was denied or delayed (with information and explanations for each denial/delay) during the reporting period.*

Between January 29, 2024 to April 29, 2024, 10 inmates were denied or delayed. The reasons include that either some offenders were medically contraindicated or not enough time in sentence and released. Please see attached spreadsheet under the tab labeled "Deny-Delay" for additional details. Exhibit G.

## IV. HCV COMMITTEE MEETINGS AND MINUTES

Under Medical Directive 219, as incorporated into the Consent Decree, "NDOC will maintain an HCV Committee which shall consist of the Medical Director or designee and at least two (2) institutional practitioners. The HCV Committee shall meet at least once per month." MD 219.02(d) (ECF No. 61-1).

The HCV Committee has met February 7, 2024, March 6, 2024 and April 3, 2024. Copies of the agendas February 7, 2024, March 6, 2024 and April 3, 2024 are attached as Exhibit H. Minutes from February 7, 2024, March 6, 2024 and April 3, 2024 are attached as Exhibit I. Defendants represent that these minutes reflect approval of all inmates who were considered for treatment.

## V. UPCOMING DEADLINES FOR THE NEXT QUARTER

This Court has now been monitoring the Consent Decree for over three years. Thus, the Consent Decree requires that NDOC "provide DAA treatment to Class Members within NDOC's custody at a rate that, at a minimum, exceeds the HCV infection rate of new inmates who test HCV positive, or who are confirmed to be HCV positive, during the intake process." ECF No. 80 at 8, ¶ 38. During this quarter, 62 inmates tested positive, with fifty starting treatment, 20 concluding treatment, and 10 being denied or delayed, as set for *supra* at 3-4, Section III, ¶¶ b, c, d, and g. Accordingly, NDOC provided treatment to more Class Members (70) than those that tested

///
///
///
///
///
///

positive (62) during this last quarter. The 70 includes 50 people that started, and an additional 20 that completed their course of treatment during the quarter.

Dated this 30th day of May, 2024.

| McDONALD CARANO LLP | AARON D. FORD, Attorney General |
|---|---|
| */s/ Adam Hosmer-Henner* | */s/ Doug R. Rands* |
| Adam Hosmer-Henner, Esq. (NSBN 12779) | D. Randall Gilmer (NSBN 14001) |
| Philp Mannelly, Esq. (NSBN 14236) | 555 E. Washington St., Ste. 2600 |
| Chelsea Latino, Esq. (NSBN 14227) | Las Vegas, Nevada 89101 |
| 100 W. Liberty Street, Tenth Floor | (702) 486-3427 |
| Reno, NV 89501 | drgilmer@ag.nv.gov |
| (775) 788-2000 | Douglas R. Rands (NSBN 3572) |
| ahosmerhenner@mcdonaldcarano.com | 100 N. Carson Street |
| pmannelly@mcdonaldcarano.com | Carson City, Nevada 89701 |
| clatino@mcdonaldcarano.com | (775) 684-1150 |
|  | drands@ag.nv.gov |
| Maggie McLetchie (NSBN 10931) |  |
| McCLETCHIE LAW | *Attorneys for Defendants* |
| 602 S. Tenth St. |  |
| Las Vegas, NV 89101 |  |
| (702) 728-5300 |  |
| maggie@nvlitigation.com |  |
| *Attorneys for Plaintiffs* |  |

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| A | Tested | 15 |
| B | Positive | 2 |
| C | Treatment Started | 1 |
| D | Treatment Ended | 1 |
| E | Obtained SVR | 1 |
| F | Did Not Obtain SVR | 1 |
| G | Delayed or Denied | 1 |
| H | Consent Agendas | 3 |
| I | Meeting Minutes | 3 |

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 30th day of May, 2024, I caused to be served, a true and correct copy of the foregoing, **JOINT QUARTERLY REPORT**, by U.S. District Court CM/ECF Electronic Filing on the following:

Adam Hosmer-Henner, Esq.
Philip Mannelly, Esq.
Chelsea Latino, Esq.
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV  89501
ahosmerhenner@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com
clatino@mcdonaldcarano.com

Margaret A. McLetchie, Esq.
MCLETCHIE LAW
602 S. Tenth St.
Las Vegas, NV 89101
maggie@nvlitigation.com

An employee of the
Office of the Attorney General